RICHMOND *v.* NYE.

1. Trial—Evidence—Harmless Error.
   Where the jury find against the existence of a claimed agreement, the exclusion of testimony tending to prove its breach becomes nonprejudicial.

2. Engagement to Marry—Dissolution—Title to Presents.
   The dissolution, by mutual consent, of an engagement to marry, does not, as a matter of law, entitle the parties to a return of presents exchanged during the continuance of the engagement.

3. Same—Contracts—Consideration.
   Hence, where an engagement between plaintiff and defendant was broken off by consent, and plaintiff returned to defendant a watch he had given her, he agreeing, in consideration thereof, to return her letters and not to speak to her without her consent, and, in case of a breach of such conditions, to return the watch, his promise to return the watch was supported by a sufficient consideration, and, on breach of the conditions, plaintiff could recover the value of the watch.

Error to Clinton; Daboll, J. Submitted April 18, 1901. Decided May 7, 1901.

*Assumpsit* by Jennie Richmond against Harvey Nye for the value of chattels converted. From a judgment for plaintiff, defendant brings error. Affirmed.

*Edwin H. Lyon*, for appellant.

*Spaulding, Norton & Dooling*, for appellee.

Long, J. This action was commenced in justice's court for the value of a certain watch. After judgment there, the cause was appealed to the circuit court, where, on a trial before a jury, the plaintiff recovered a judgment for $20. Defendant brings error.

It appears that the parties had entered into a contract of marriage, and that certain presents had been made by

the defendant to the plaintiff, among which was the watch in controversy. There had passed between them certain letters, which each held. In August, 1896, they had mutually concluded to terminate and break off the contract of marriage, and thereupon they entered into the following contract:

"In consideration of the return to me of one certain watch (gold) which was presented by me to, Jennie . Richmond heretofore as a Christmas present, I hereby transfer all my right, title, and interest in and to a certain tea set, two tablecloths, fruit dish, and pickle castor, granite ware, and any other personal property at any time in the possession of said Jennie Richmond in which I have claimed an interest. I also agree to transfer to said Jennie Richmond all letters written by her to me at any time, and agree that I will not molest her in any way in the future, or speak to her, or address her in any way, without her consent. In case of the breach of any of the above conditions, I agree to return the watch, or the value thereof, to said Jennie Richmond."

The plaintiff's claim is, and testimony was admitted to show the facts, that defendant violated this agreement by not delivering to her all her letters as agreed, and by molesting and speaking to her, without her consent, in a vile, rude, and insulting manner. The plaintiff testified that, upon the execution of this contract, she delivered to defendant the watch in question, but that defendant did not turn over to her all the letters she had written him; that in justice's court she heard defendant testify that he had kept back certain of her letters, and that he intended to show them; that he also testified there that a demand had been made upon him for the return of the watch previous to the commencement of the suit; that, after the contract was made, she saw him, and in the presence of three different parties he called her vile names, and at other times he had called to her on the street, asking her when she was going to bring back his furniture. The defendant admitted that he signed the agreement above set forth, but claimed that there was an oral agreement made by plaintiff at the same time in which she agreed to

turn over to defendant's sister certain things, which she thereafter refused to do.

On the cross-examination of the plaintiff she testified that, at the time of her talk with the sister of defendant, she might have claimed that she could not turn over the things to her because she did not have them, but that she had no recollection of so stating. She was then asked, " In the meantime you had disposed of those things, had you not?" This was objected to, and objection sustained. It is claimed that this was error prejudicial to the defendant. We think the defendant was in no manner prejudiced by the refusal to admit this testimony. It appears that the defendant submitted the special question to the jury, "Did Nye sign the paper of August 10, 1896, upon plaintiff's promise to turn certain things therein mentioned over to his sister?" The jury answered that he did not sign the agreement upon any such promise.

The defendant asked the court to charge the jury that:

"1. Under the law and under the undisputed testimony in this case, the watch in question having been presented by defendant to plaintiff at a time when they were engaged to marry each other, the defendant was entitled to the watch when the engagement was set aside by the consent of the parties.

"2. No consideration valid in law has been shown in this case for the promise of defendant to return the watch in question to plaintiff." .

These requests were refused, and the court charged the jury:

" It is claimed upon plaintiff's part that the watch was a Christmas present, given to her in the ordinary way, and delivered over to her. If it really was, then she owned it; and the fact that they broke off their engagement after that does not transfer the title back to him."

We think the court properly refused to charge as requested, and that the charge given was not error. The plaintiff gave evidence tending to show that the watch was given to her as a Christmas present, with her name engraved thereon, and to be used by her. It became her

absolute property.   The contract of marriage was broken by the mutual consent of the parties, and the defendant entered into an agreement to return the watch on certain conditions stipulated in the contract.   The court stated to the jury that the issues were: *First*, whether the contract was made or not; and, *second*, whether there had been a breach on the part of the defendant.   These were the issues submitted, and the court specifically stated to the jury that, if the plaintiff committed a breach, she could not recover.   We think the case was fully and fairly submitted.   The doctrine as to the return of presents where one of the parties breaks off the engagement without the consent of the other has no application to the present case. Here the watch belonged to the plaintiff.   She had the right to stipulate the conditions under which the defendant should retain it.   If the conditions were broken, as found by the jury, he had no right to retain it, and the verdict for its value was properly found.

We think no other questions need be discussed.
The judgment will be affirmed.

The other Justices concurred.