# CHARLESTON.

## LAMBERT *v.* LAMBERT.

Submitted January 19, 1909.    Decided December 21, 1909.

> CANCELLATION OF INSTRUMENTS—*Ground—Failure of Consideration.*
>
> A deed conveying land in consideration of marriage will be cancelled and a reconveyance directed, by the court of equity, where the grantee has refused to consummate the marriage. (p. 521).

Appeal from Circuit Court, Randolph County.

Bill by Adonijah C. Lambert against Conrad Lambert and another. Decree for defendants, and plaintiff appeals.

*Reversed and Remanded.*

*W. B. Maxwell* and *James A. Bent,* for appellant.

*Harding & Harding,* for appellees.

ROBINSON, JUDGE:

Adonijah C. Lambert claims, by his bill in this case, that Gertie White promised faithfully to marry him, and that in consideration of marriage he gave her an organ, a sewing machine, and conveyed her, by deed dated November 17, 1904, his sole estate, a mountain farm of 75 acres. But, he alleges, the woman, although renewing her promises to the very day of her marriage to another Lambert, failed and refused to do that which she agreed should be a consideration for the property—marry him. He alleges that her promise to marry him was only an artifice and device to get his property. In consideration of the premises, he seeks the court of equity for a cancellation of the deed for the land and the restoration to him of the organ and sewing machine. The circuit court denied him any relief and dismissed his bill. He has appealed.

That Gertie White did not marry Adonijah C. Lambert but united with Conrad Lambert is admittedly true. Did she, however, promise to marry the former? And was marriage the consideration whereby she obtained title to the property which

he gave her.   She denies any promise to marry the plaintiff, maintains that the two items of personal property were given her as compensation for domestic services, and alleges that the deed was made to her by plaintiff in payment for such services and to avoid his creditors.   Whether marriage was the consideration for the transfer of the property is the issue primarily to be determined.   And parol evidence is admissible to show that marriage was the real consideration for the deed conveying the land.   *Wilfong* v. *Johnson,* 41 W. Va. 283.

A considerate view of the evidence in this suit points convincingly to the fact that the conveyance of the land was made upon the faith of marriage and that the same was its sole consideration.   Many facts and circumstances establish this conclusion.   No other deduction can fairly be drawn from the facts and circumstances proved.   Admissions proved to have been made by defendant, many of which are not denied by her, show that an engagement to marry existed between her and the plaintiff.   That the deed was made in consideration of this engagement appears not alone from direct testimony to that effect, but from the acts and conduct of the parties and the circumstances attending the transaction.   The contention that the deed was made to avoid creditors is not sustained, in the light of the evidence as a whole.   It is established by evidence, which is reasonably clear and certain, that the real consideration for the deed was marriage.   On the other hand, it seems true that the organ and sewing machine were transferred to her in payment for services.

Defendant, by her own faithlessness to a sacred contract, has secured an unconscionable advantage.   She seeks to keep the land after the consideration, by her own act, has wholly failed. Good conscience renounces her determination to hold the land. Plaintiff is clearly without adequate legal remedy.   Defendant is an infant.   She may avoid the promise of marriage without liability for damages.   No remedy at law will adequately reach such case, even where damages are obtainable.   Equity will interpose.   It alone can do perfect and complete justice.   In a case of this character, equal and adequate justice demands a cancellation of the deed and a reconveyance of the land.   Equity grants it.   *White* v. *Bailey,* 65 W. Va. 573; *Goldsmith* v. *Goldsmith,*

46 W. Va. 426; *Wilfong* v. *Johnson, supra; Rockafellow* v. *Newcomb,* 57 Ill. 186.

The circuit court being manifestly in error in denying to plaintiff a cancellation of the deed and a reconveyance of the land to him, we reverse the decree and remand the cause for further proceedings to be had pursuant to this opinion. This conclusion is prompted by simple justice, demanded by the convincing character of the case as a whole.

*Reversed and Remanded.*