## Walter v. Moore.

(Decided April 24, 1923.)

### Appeal from Boyd Circuit Court.

1. Divorce—Gift Before Engagement to Marry Need not be Returned on Divorce—"Gift in Consideration of Marriage."—A gift made by a man to a woman to whom he subsequently became engaged, and thereafter married, but made before there was any engagement to marry between the parties, is not a gift in consideration of marriage which the woman is required by Ky. Stats., section 2121, to return upon a judgment of divorce being rendered.

2. Divorce—Engagement Ring is "Gift in Consideration of Marriage" Which Must be Returned on Divorce.—A ring given by a man to the woman to whom he was engaged to marry as a token of the engagement is given in consideration of the agreement to marry, although the agreement is not entered into in consideration of the ring being given, and therefore the man is entitled to the return of the ring upon a judgment of divorce being entered after the marriage of the parties, under Ky. Stats., section 2121, entitling each party to a return of property received before or during the marriage in consideration thereof.

E. POE HARRIS and J. F. COLDIRON for appellant.

GEORGE B. MARTIN and J. F. STEWART for appellee

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming in part and reversing in part.

In December, 1914, appellant and appellee were married. They had each theretofore been married.

In July, 1919, they were divorced, but in the divorce action or judgment, so far as is disclosed by this record, no property rights between the parties were asserted or adjudged.

In February, 1920, appellant brought this action against his former wife alleging that about the 1st of November, 1914, and only a short time before their marriage and solely in consideration thereof, the defendant had obtained from the plaintiff a brooch containing seven fine diamonds of the value of fifteen hundred dollars, and at or about the same time a diamond ring of the value of fifteen hundred dollars, and had failed and refused to restore to the plaintiff the property or its value. He asked that defendant be required to restore same to him, or if that could not be done, that he be given judgment against her for the value thereof.

The defendant in her answer denied she had obtained from the plaintiff in consideration of marriage either the brooch or the ring. As to the brooch she alleged that the same had been given to her as a gift by the plaintiff in July, 1914, at a time when marriage between them had never been discussed or considered, and before any engagement to marry existed between them, and that she accepted the same as a gift pure and simple.

As to the ring she alleges that she and the plaintiff became engaged to marry on or about September 1st, 1914, and that on or about the 1st of November thereafter,

in consideration of plaintiff's love and affection for her, he gave her the ring as an engagement ring, and she accepted the same as such.

In the reply plaintiff denies certain affirmative allegations in the answer.

The evidence shows that the courtship between the parties began in June or July, 1914; that the brooch was sent to appellee by appellant in July and before any contract or agreement of marriage existed between them; that they became engaged about the 1st of September, and that thereafter, about the 1st of November while they were so engaged, appellant gave or sent the diamond ring to appellee as an engagement ring—that is, as a symbol or token of the relationship which they had voluntarily assumed toward each other, to be worn by the appellee as an evidence of that relationship.

The chancellor below dismissed the plaintiff's petition, and he is prosecuting this appeal.

As to the diamond brooch there is little difficulty. The plaintiff's allegation is that same was obtained from him by the defendant on or about the 1st of November, 1914, solely in consideration of marriage. The evidence shows it was sent to her in July, 1914, at a time when no agreement to marry had been entered into by them, and the appellee's evidence is to the effect that at that time there had been no agreement or marriage contemplated or discussed by them. Section 2121, Kentucky Statutes, title "Husband and Wife," deals with the subject of divorce and separation, and among other things provides:

"Upon final judgment of divorce from the bond of matrimony the parties shall be restored such property, not disposed of at the commencement of the action, as either obtained from or through the other before or during the marriage in consideration thereof."

As to the brooch, therefore, we find that its gift to appellee at a time when there was no contract of marriage between the parties, or even one in contemplation, was not such a gift as can be said to have been made in consideration of marriage or in consideration of an existing contract of marriage.

But as to the diamond ring a very different situation exists under the statute. At the time appellant gave and appellee accepted that ring, there existed between them a mutual promise to marry each other, and that promise was shortly thereafter consummated. The facts present

the concrete question whether when there exists between a man and a woman a solemn contract of marriage which is thereafter consummated, and the man because of that contract and its prospective consummation gives to his intended bride a valuable engagement ring, in a subsequent proceeding for divorce is he entitled under the quoted statute to have the same restored to him? In other words, is such a gift by a man under such circumstances and conditions given in consideration of marriage?

Putting aside all sentimental considerations, and ignoring any instinctive resentment one might have at the assertion of such a right, the duty devolves upon the courts to determine the rights of the parties under the law as it is written.

Common experience teaches us that men do not ordinarily give valuable diamonds to women, strangers in blood to them, unless there exists some understanding or agreement between them looking to an ultimate marriage, and to say that a gift under such conditions is not in consideration of the tender relationship existing, and the hope of its consummation, would be in effect to nullify in a great measure the plain language of the quoted statute.

The parties are engaged; they expect soon to be married; they are thereafter married. In the light of human experience and the ordinary conduct of men can it be said such a gift is not made in consideration of the marriage then contracted for and thereafter entered into?

But it is argued for appellee that the gift of the ring was no consideration for the marriage because the marriage no doubt would have taken place if there had been no such gift; that the ring was merely an evidence that a marriage contract existed, and was no consideration for the agreement. It is doubtless true that the ring was merely a symbol or token of the relationship existing between them, and was merely evidence to the world of that fact, but it must be admitted she obtained the ring by reason of the relationship then existing between them and because of their mutual promise to shortly thereafter marry each other.

Of course we have nothing to show that the man said to the woman, "I am giving you this ring in consideration of our agreement to marry each other, which we expect shortly to consummate," but the situation of the parties, their relationship, the admitted fact that they

were then engaged, the admitted fact they were shortly thereafter married, and the common experience of men under like conditions, teach us and show to us unmistakably that the moving cause which actuated the man to make the gift and the woman to accept it, was their mutual agreement to marry and their contemplated marriage. That appellee obtained this ring from appellant before their marriage in consideration of their agreement to marry each other cannot be doubted, and however much it may grate upon one's sensibilities to enforce such a right as is here asserted, the plain legislative purpose, clearly evidenced in the statute, is not to be denied.

The case of Phillips v. Phillips, 9 Bush 183 (Lindsay), was where a divorced husband who had theretofore made a conveyance to his wife in consideration of love and affection, sought to have the conveyance set aside and the property so conveyed to her restored to him. The statute there under consideration was practically in the same language as our present statute. The court denied the plaintiff the right to have the property restored to him because the same was not in consideration or by reason of the marriage, the only consideration shown being that of "love and affection," as recited in the instrument. But the court after denying him that right, and in construing this and a somewhat similar Code provision, in denying the interpretation claimed by the husband's counsel, said:

"But if the term 'consideration' be held to mean the act of marriage, *or some agreement or contract touching or relating to the act of marriage,* and the expression 'by reason thereof' be construed to relate to such property as either party may have obtained from or through the other by operation of the laws regulating the property rights of husband and wife, force and effect will be given to each clause and to every word used by the legislature, and according to the well-established and universally recognized rule of construction this must be done, if it be practicable."

The gift in this case was made in consideration of an "agreement or contract touching or relating to the act of marriage," and would not have been made except for that existing relationship.

We have with great reluctance, in view of the sentimental considerations involved, reached the conclusion that under the plain terms of the statute the plaintiff was entitled to recover the diamond ring.

The judgment is affirmed so far as it relates to the brooch in question, but is reversed with directions to enter a judgment requiring the defendant to restore the ring if she has it, and if not to adjudge the plaintiff the value thereof.

Whole court sitting.