[Civ. No. 16886. Second Dist., Div. One. Sept. 21, 1949.]

ANDREW NORMAN, Respondent, v. DOROTHY EVELYN BURKS, Appellant.

Hugh B. Rotchford, Richard T. Drukker and Chase, Rotchford, Downen & Chase for Appellant.

Paul Overton, Gail B. Selig, Horace S. Wilson and Neil G. Locke for Respondent.

DRAPEAU, J.—Plaintiff is a married man, part owner with his wife, in what must have been a lucrative cosmetics business. They built up the business as individuals; later on it was incorporated.

He and his wife fell out. They lived separate and apart; the wife brought an action for divorce, and they entered into a property settlement agreement. He was served with summons and complaint, his default was entered, but the case went no further.

While estranged from his wife, plaintiff met the defendant, who must have been a personable and experienced young woman. Her first marriage in Kansas ended in a divorce. Her second marriage also ended in a divorce.

She and plaintiff knew one another casually before her second marriage. When that marriage was apparently going on the rocks, she telephoned plaintiff, seeking advice, and they went to dinner. Beginning with this meeting, they became more and more friendly. On many occasions they talked of marrying. The impediment to any immediate marriage, of course, was the fact that the plaintiff was still a married man. Indeed, at the time of the trial he was still married.

During their friendship plaintiff caused title to a dwelling house costing him $40,255.97 to be placed in defendant's name. He also paid for expensive furnishings and household goods. He paid directly therefor $17,497.48, and furnished cash or credit to defendant $58,945.20, the greater part of which she spent on the house and furnishings. He also paid for an engagement ring costing $18,375.50.

The house, the furnishings, and the ring were selected by the defendant. In addition to these things, the plaintiff gave to defendant many other articles, among them being a fur coat and an automobile, which he has not attempted to recover.

Then, a day or two after plaintiff gave defendant a check for the last $9,000 to pay final bills for furnishings, a swimming pool, a built-in radio system, and a private bar, she called him on the telephone and told him that all was off between them and that she was going to marry another man—which she did. Thus ended this idyl of Acadie.

Plaintiff brought his action for recovery of the house and furnishings and the ring on the theory that the defendant took them in consideration of her promise to marry him; that her promise was fraudulently made, and that she holds the property for his use and benefit. After hearing the evidence

the trial judge found that as to the property in suit, a resulting trust was established for the use and benefit of the plaintiff.

The court could have impressed a constructive trust upon the property. In the recent case of *Janes* v. *Goyne* (80 Cal. App.2d 686 [182 P.2d 231]), a deed was canceled as to property held in joint tenancy by a man and woman, the purchase price having been paid by the man. These two people were each married, and were living with each other in illicit relations. She promised to marry him when their divorces became final, but would not do so. It was held that under these facts plaintiff could properly claim he was the victim of defendant's fraud, and that it was his right to have the gift annulled upon that ground.

There is no substantial conflict over the facts in this case as stated. Defendant relies principally upon the proposition that the promise to marry was contrary to public policy in that plaintiff's divorce was contemplated therein, and the law will leave the parties right where they stand and will not enforce plaintiff's asserted rights. This proposition is stated and restated in several different ways: (a) that the pleadings do not state a cause of action; (b) that the proof shows the parties were *in pari delicto* in an agreement against public policy; and (c) that there was no evidence of fraud or false representations.

Also, defendant contends that there is no evidence to support the findings and judgment of a resulting trust and that there is a variance between the case pleaded and the proof, and that the plaintiff is barred by the provisions of section 43.5, Civil Code, which forbids heartbalm actions.

██ The court found no implication of anything other than friendship between these two parties. There is sufficient evidence of a resulting trust. Therefore, public policy will not deny to plaintiff the right to recover his property. In reaching this result it was the province of the judge to resolve an important question of fact. While the law does not countenance any contract "having for its object the dissolution of the marriage contract, or facilitating that result" (*Pereira* v. *Pereira*, 156 Cal. 1, 5 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A. N.S. 880]) there must be proof that the agreement falls within the category of a "collateral bargaining promotive of divorce." (*Howard* v. *Adams,* 16 Cal.2d 253, 257 [105 P.2d 971, 130 A.L.R. 1003].) The judgment here is based upon evidence that the agreement which defendant interposes to permit her to keep property for which she gave no considera-

tion was not promotive of divorce. As in the case of *Howard* v. *Adams, supra,* the court was influenced by the fact that there was a complete, matured cause of action for divorce before the agreement was made.

Our Civil Code, section 853, provides that "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." Payment of the purchase price of property gives rise to the presumption that the party paying for it has an equitable interest in it. (*Tryon* v. *Huntoon,* 67 Cal. 325 [7 P. 741].) A resulting trust may be established in personal as well as real property. (*Kirk White & Co.* v. *Bieg-Hoffine Co.,* 6 Cal.App.2d 188 [44 P.2d 439].)

 A complaint pleads sufficient ultimate facts to support findings and judgment of a resulting trust, even if a resulting trust is not expressly alleged, or if the complaint is ambiguous or uncertain, or contains conflicting statements. (*Goes* v. *Perry,* 18 Cal.2d 373 [115 P.2d 441].)

 Defendant's suggestion that this is a heartbalm action and barred by section 43.5 of the Civil Code is without merit.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied October 7, 1949, and appellant's petition for a hearing by the Supreme Court was denied November 17, 1949. Traynor, J., voted for a hearing.