This motion is for an order entering judgment on the pleadings in favor of the defendant on the ground that the complaint fails to state a claim upon which relief can be granted.
The parties were engaged to be married. The engagement having been broken, suit was brought to recover the ring given by plaintiff to defendant when they became engaged, and in case the ring could not be returned for damages for $1,200 for its detention plus costs of suit.
Defendant contends that the plaintiff's right to recover the ring or damages for its detention is barred by statute, N.J.S.A. 2:39A-1 et seq.
Plaintiff argues that the statute does not apply: that it abolishes only the right of action to recover sums of money as damages for alienation of affection, criminal conversation, seduction or breach of contract to marry.
The right of action which plaintiff seeks to enforce is not, in its essence, a cause of action for damages based upon the breach of the claimed marriage contract. Plaintiff seeks to recover a conditional gift, not damages consequent upon a breach of respondent's alleged undertaking to marry her. Glazer v.Klughaupt, 116 N.J.L. 507, 158 A. 8.
"An engagement ring is a symbol or pledge of the coming marriage and signifies that the one who wears it is engaged to marry the man who gave it to her. If the engagement is broken the ring should be returned since it is a conditional gift."Albanese v. Indelicato, 25 N.J. Misc. 144, 51 A. 110. and cases cited.
It can be recovered by the man, if the agreement to marry is dissolved by mutual consent, or the woman unjustifiably breaks off the engagement, but cannot be recovered by him if he unjustifiably breaks the agreement it evidences. Mate v.Abrahams, 62 A.2d 754.
The complaint discloses an enforceable cause of action and the motion to dismiss will be denied. *Page 474