Hillsborough, Mar. 7, 1950. } No. 3890.

JOHN V. GIKAS *v.* OLGA NICHOLIS.

*John J. Broderick, John H. Sanders* and *Richard F. Upton, (Mr. Upton* orally), for the plaintiff.

*Myer Saidel* (by brief and orally), for the defendant.

KENISON, J.   The main issue in this appeal is whether the donor of an engagement ring may recover it from the donee who terminates the engagement.   By the great weight of authority recovery is allowed.   Anno. 92 A. L. R. 604; *Beberman* v. *Segle*, 69 A. (2d) 587 (N. J. 1949).   The basis for recovery is quasi contractual, as it is considered that it is unjust for a donee to retain the fruit of a broken promise.   Restatement, Restitution, s. 58, comment c.

It is not necessary and in the natural course of events it would be unusual for the donor to give the engagement ring upon the expressed condition that marriage was to ensue.   Such a condition may be implied in fact or imposed by law in order to prevent unjust enrichment.   29 Cornell L. Q. 401.   In this case the defendant did not testify but there is evidence from the plaintiff's testimony from which it can be found that the engagement ring was a token of the expected marriage and was given only as such.

R. L., c. 385, s. 11 reads as follows:   "BREACH OF CONTRACT TO MARRY.   Breach of contract to marry shall not constitute an injury or wrong recognized by law, and no action, suit or proceeding shall be maintained therefor."   This statute although copied from the Massachusetts act was passed in 1941 (Laws 1941, c. 150) before any interpretation of the Massachusetts statute had been made.   Consequently the decision in *Thibault* v. *Lelumiere*, 318 Mass. 72 is not necessarily binding here.   The same is equally true of the broader

New York statute which was construed in *Andie* v. *Kaplan,* 263 App. Div. 884 affirmed without opinion Per Curiam, 288 N. Y. 685. It is the theory of these cases that the so-called heart-balm statutes not only bar actions for breach of marriage contracts but any other proceeding which directly or indirectly arises out of the breach. Under that view gifts in contemplation of marriage may not be recovered even though unjust enrichment may result to the donee. The results of these cases have been almost uniformly criticized as being unnecessary and undesirable. 1947 Annual Survey of American Law 845; N. Y. Law Revision Commission, Report, Recommendations and Studies (1947) *pp.* 233-247.

It was not the intention of the New Hampshire Legislature in outlawing breach of promise suits to permit the unjust enrichment of persons to whom property had been transferred while the parties enjoyed a confidential relationship. To so construe the statute would be to permit the unjust enrichment which the statute is designed to prevent. Apparently for this reason New Jersey which has a similar statute to ours has refused to follow the Massachusetts and New York decisions. *Mate* v. *Abraham,* 62 A. (2d) 754 (N. J. 1948). We prefer the view advanced by the Restatement, Restitution, *s.* 58 which allows the recovery of an engagement ring where the engagement is terminated by the donee. There is nothing in the legislative history of our statute which indicates that any other result was contemplated.

The miscellaneous gifts of personal property other than the engagement ring stand on a different footing. While the plaintiff seeks their return neither his testimony nor the evidence takes them out of the category of absolute gifts. They were personal gratuities upon which the law imposes no condition of return and are more nearly akin to a Christmas present. *Richmond* v. *Nye,* 126 Mich. 602. Such personal gratuities are considered incidental to the marital quest and recovery is not usually expected and if requested is denied. *Walter* v. *Moore,* 198 Ky. 744; Restatement, Restitution, *s.* 58, *illustrations* 4, 7. The plaintiff is entitled to maintain his action for the return of the engagement ring or its value but not for return of the other personal property.

> *Plaintiff's exceptions sustained in part;*
> *defendant's exceptions sustained in part.*

LAMPRON, J., did not sit: the others concurred.