GEORGE DE CICCO *vs.* E. ADELE BARKER.

Middlesex. February 3, 1959. — June 26, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Gift. Restitution. Engagement Ring.*

Upon the breaking of an engagement to marry by the woman without "adequate cause" or "fault" on the part of the man he was entitled in a suit in equity against her to have her ordered to return to him a ring given by him to her as an "engagement ring . . . upon the implied condition that . . . [they] would be married"; such relief was not barred by G. L. c. 207, § 47A, inserted by St. 1938, c. 350, § 1.

BILL IN EQUITY, filed in the Superior Court on March 5, 1956.

An interlocutory decree overruling a demurrer to the bill was entered by *Swift*, J. Following the report of a master, an interlocutory decree confirming it and a final decree were entered by *Fairhurst*, J.

*Stuart R. Plumer*, for the plaintiff.

*Julius H. Soble*, for the defendant.

WILLIAMS, J. In this suit in equity the plaintiff seeks to obtain from the defendant the return of six engagement rings given by him to her in contemplation of marriage. The defendant demurred to the plaintiff's bill on the ground that the suit was prohibited by G. L. c. 207, § 47A. The demurrer was overruled by interlocutory decree and the defendant appealed. She then answered and made counterclaim for the return by the plaintiff of two rings given to him by her. The case was referred to a master who reported the following facts. The parties met in December, 1952. The plaintiff was then married. In February, 1954, his wife became

"very" ill and was hospitalized. He discussed with the defendant the possibility of marriage if his wife died. In March they picked out a six carat diamond ring which the plaintiff purchased and gave to the defendant. He also gave her at some time three other rings. His wife died on April 6. About May 3 the defendant gave the plaintiff a "man's diamond ring . . . in contemplation of marriage, and as an engagement ring." The plaintiff negotiated for the purchase of a house which the defendant had selected and they installed there a quantity of her furniture and numerous articles purchased by him as gifts for her. At some time between the wife's death and the following November the parties had agreed to marry. In January, 1955, the defendant broke the engagement without "adequate cause" or "fault" on the part of the plaintiff. The master found that the six carat diamond ring was given by the plaintiff to the defendant as an "engagement ring . . . upon the implied condition that the parties would be married when and if his wife died" and that the other rings given by him were "absolute gifts." The master's report was confirmed and a final decree entered dismissing both the plaintiff's bill and the defendant's counterclaim. The plaintiff appealed.

It is generally held that an engagement ring is in the nature of a pledge, given on the implied condition that the marriage shall take place. If the contract to marry is terminated without fault on the part of the donor he may recover the ring. *Gikas* v. *Nicholis*, 96 N. H. 177. *Priebe* v. *Sinclair*, 90 Cal. App. 2d 79. See 24 A. L. R. 2d 579. General Laws c. 207, § 47A, on which the defendant relies, was inserted by St. 1938, c. 350, § 1. It provides that "Breach of contract to marry shall not constitute an injury or wrong recognized by law, and no action, suit or proceeding shall be maintained therefor." Its title, "An Act abolishing causes of action for breach of contract to marry, with a view to preserving the marriage institution and protecting the public morals," is indicative of its purpose. See 33 Mich. L. Rev. 979. We held in *Thibault* v. *Lalumiere*, 318 Mass. 72, that after breach

of such a contract a woman could not maintain an action in tort to recover damages for embraces and caresses to which she had submitted during the engagement. The present suit is different in character. It is a proceeding not to recover damages either directly or indirectly for breach of the contract to marry but to obtain on established equitable principles restitution of property held on a condition which the defendant was unwilling to fulfil. It seeks to prevent unjust enrichment. Authority for the maintenance of such a suit is found in the Restatement: Restitution, § 58, and in the judicial decisions in other States having statutes similar to § 47A. *Gikas* v. *Nicholis*, 96 N. H. 177. *Pavlicic* v. *Vogtsberger*, 390 Pa. 502. See 29 Cornell L. Q. 401. We think it is not the kind of suit which the Legislature intended to abolish and that the plaintiff is entitled to recover his engagement ring.

It was said in the *Thibault* opinion that § 47A "abolished any right of action, whatever its form, that was based" upon breach of promise. Further consideration leads us to think that the statement was too inclusive and that a proceeding may be maintained which although occasioned by breach of contract to marry, and in a sense based upon the breach, is not as was the action in the *Thibault* case brought to recover for the breach itself.

The interlocutory decree overruling the defendant's demurrer is affirmed. The final decree is reversed in so far as it provides for the dismissal of the plaintiff's bill and is affirmed as to the dismissal of the defendant's counterclaim. A new final decree is to be entered providing that the defendant deliver to the plaintiff the six carat diamond engagement ring.

*So ordered.*