ROBERT K. BRYAN

*v.*

GINGER L. LINCOLN

(No. 14812)

Decided December 17, 1981.

*George D. Beter* for appellant.

*Beckett, Burford & James and Robert H. Burford* for appellee.

McGRAW, JUSTICE:

This is an appeal from a final order of the Circuit Court of Cabell County dismissing the appellant's cause of action seeking recovery of a specific sum of money allegedly given to the appellee in contemplation of marriage. The trial court was of the opinion that such a cause of action is barred by the provisions of *W. Va. Code* § 56-3-2a (Cum. Supp. 1981).[1] The appellant contends the statute is not intended to bar actions seeking recovery of specific property or a specified sum of money, and that therefore the trial court's ruling is erroneous. Because we agree with the appellant's contentions, we reverse.

---

[1] *W. Va. Code* § 56-3-2a provides: "Notwithstanding any other provision of law to the contrary, no civil action shall lie or be maintained in this State for breach of promise to marry or for alienation of affections, unless such civil action was instituted prior to the effective date of this section [March 6, 1969]."

In December 1978, the appellant and the appellee agreed to marry. Relying upon this agreement the appellant borrowed $5,000 from his Federal Credit Union and gave it to the appellee with the understanding that she would use the money to purchase for the appellant her first husband's one-half interest in certain real estate.[2]

The appellee used the $5,000 to purchase her first husband's interest, but she took full title in her name only, depriving the appellant of any interest in the property. The appellee then remarried her first husband. The appellant demanded return of $5,000 but the appellee refused to return any of the money.

The appellant then brought a civil action in the Circuit Court of Cabell County seeking return of $5,000, or in the alternative, a lien on the real estate. The appellant alleged in his complaint that the $5,000 given to the appellee was expressly conditioned on the agreement of marriage, that the appellee received the money knowing that she did not intend to marry the appellant, that the money was received by the appellee with the intent to defraud the appellant, and that the appellant was at all times ready, willing and able to marry the appellee.

The appellee moved to dismiss the action as barred by *W. Va. Code* § 56-3-2a, which provides in pertinent part: "[N]o civil action shall lie or be maintained in this State for breach of promise to marry . . . ." The trial court agreed with the appellee's interpretation of the statute and granted the motion to dismiss. The appellant contends this ruling was in error. He argues that an action seeking recovery of specific property or a specified sum of money occasioned by the breach of a promise to marry is not barred by *W. Va. Code* § 56-3-2a.

The appellant's position with respect to a gift of specific property reflects the prevailing view of jurisdictions with statutes akin to W.Va. Code § 56-3-2a that have passed on this issue. *See Mack v. White,* 97 Cal. App. 2d 497, 218 P.2d

---

[2] At the time of this transaction the appellee was living on the real estate involved, and owned the other one-half interest in the property.

76 (1950); *Norman v. Burks*, 93 Cal. App. 2d 687, 209 P.2d 815 (1949); *DeCicco v. Barker*, 339 Mass. 457, 159 N.E.2d 534 (1959); *Gikas v. Nicholis*, 96 N.H. 177, 71 A.2d 785 (1950); *Beberman v. Segal*, 6 N.J. Super. 472, 69 A.2d 587 (1949). The predominate view is that statutes such as *W. Va. Code* § 56-3-2a "go no further than to bar actions for damages suffered from loss of marriage, humiliation, and other direct consequences of the breach, and do not affect the rights of the parties relative to gifts passing between them, which are still determinable by common-law principles." *Annot.*, 46 A.L.R. 3d 578, 589 (1972).

We agree with the reasoning of the Supreme Court of New Hampshire in *Gikas v. Nicholis, supra,* that the Legislature could not have intended by enactment of the statute to permit the unjust enrichment of persons to whom property had been transferred while the parties enjoyed a confidential relationship. We therefore hold that *W. Va. Code* § 56-3-2a does not affect the rights and duties of the parties relative to a transfer of specific property or a specified sum of money to a betrothed.

To hold otherwise, and prohibit the appellant from seeking relief, would deprive him of the benefit of article 3, section 17 of the West Virginia Constitution, which provides: "The courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay." In the face of this constitutional mandate the circuit court's interpretation of the statute must yield.

In *Wallace v. Wallace*, 155 W. Va. 569, 184 S.E.2d 327 (1971) this Court stated that article 3, section 17 of the West Virginia Constitution has no application to an action for alienation of affections or for the breach of promise to marry, for such actions do not affect or relate to an injury to any person in his person, property or reputation. Because of the apparent inconsistencies between our holding today and this statement in *Wallace,* we offer the following commentary on the *Wallace* case.

*Wallace* addressed the narrow issue of whether a minor child has a cause of action against a third party who causes the alienation of affections of his parent. Traditionally, the common-law action of alienation of affections is viewed as an action brought in favor of one spouse for the loss of affections of the other spouse. We recognized this traditional view in *Wallace*, and held that no cause of action exists, nor has ever existed in this jurisdiction, in favor of a minor child against a third party for causing the alienation of affections of his parent. This was the sole issue decided in *Wallace*.

Thus, except for its elucidation of the rights of minor children who seek to hold liable a third party for alienation of the affections of their parent, *Wallace* is of little value in the resolution of the issues presented by this case, and inasmuch as the *Wallace* decision does not address either of the common-law causes of action purportedly abolished by *W. Va. Code* § 56-3-2a, the indication in syllabus point four of that opinion that the statute is constitutional and valid, is overbroad and this Court does not consider it binding authority.

We do not here presume to prescribe parameters on causes of action based in article 3, section 17 of the West Virginia Constitution, but to the degree property rights are impinged by a breach of contract, article 3, section 17 guarantees access to the courts for redress of the injury caused by the breach. In such instances the language of the Constitution must prevail over the language of statutes which attempt to limit an individual's right of access to the courts.

The most common basis for decision in cases permitting the recovery of, or for property transferred to a betrothed, is that where the transfer was made on the condition that a marriage ensue, the transferor is entitled to its return on nonfulfillment of the condition. *See Malasarte v. Keye,* 13 Alaska 407 (D.C. 1951); *Grossman v. Greenstein,* 161 Md. 71, 155 A. 190 (1931); *DeCicco v. Barker, supra; Franklin v. Moss,* 101 S.W.2d 711 (Mo. 1937); *Gikas v. Nicholis, supra; Beberman v. Segal, supra; Lowe v. Quinn,* 27 N.Y.2d 397, 318 N.Y.S. 2d 467, 267 N.E.2d 251 (1971); *Semenza v.*

*Alfano*, 443 Pa. 201, 279 A.2d 29 (1971); *Shaw v. Christie*, 160 S.W.2d 989 (Tex. Civ. App. 1942); *Williamson v. Johnson*, 62 Vt. 378, 20 A. 279 (1890). Another factor influencing such decisions is the existence of fraud. If the recipient, at the time of accepting the transfer from a betrothed, actually intended not to marry the transferor, the property, or its value, can be recovered on the grounds of fraud. *See Mack v. White, supra; Norman v. Burks, supra; McElroy v. Gay*, 155 Fla. 856, 22 So.2d 154 (1945); *Douthitt v. Applegate*, 33 Kan. 395, 6 P. 575 (1885); *Weber v. Bittner*, 75 Pa. D & C 54, 52 Lanc. L. Rev. 75, 64 York Leg. Rec. 79 (1950); *Anderson v. Goins*, 187 S.W.2d 415 (Tex.Civ.App. 1945). Both of these factors are squarely presented on the face of the appellant's complaint. Furthermore, it does not appear that the engagement was broken through any "fault" of the appellant, another factor considered by courts awarding recovery.

There are two West Virginia decisions which teach that the appellant may bring an action at common-law to recover the money given to the appellee. In syllabus point two of *Burke v. Nutter*, 79 W. Va. 743, 91 S.E. 812 (1917), the Court held:

> "Money advanced by plaintiff to defendant, to whom he is then engaged to be married and in expectation of marriage, whether understood and intended as a loan or gift, is recoverable in assumpsit upon the common counts, if the defendant thereafter breaks the engagement without plaintiff's fault."

And in syllabus point one of *Lambert v. Lambert*, 66 W. Va. 520, 66 S.E. 689 (1909) the Court held: "A deed conveying land in consideration of marriage will be cancelled and a reconveyance directed, by the court of equity, where the grantee has refused to consummate the marriage." From these cases it is clear that the appellant's cause of action has a valid basis in the common law of this jurisdiction. Accordingly, he should be granted his day in court.

In summary, because the trial court erroneously interpreted W.Va. Code § 56-3-2a as barring the appellant's cause of action, the decision of the Circuit Court of Cabell

County is reversed and the case is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*