## CIRCUIT COURT OF THE CITY OF NORFOLK

Joan S. Couture

v.

William Henry Thompson

May 19, 1988

Case No. (Law) L87-3152

By JUDGE JOHN W. WINSTON

Plaintiff moves this Court to overrule defendant's Demurrer and Plea of the Statute of Limitations earlier filed by his counsel (who has now withdrawn). The Court denies in part the motion as to the demurrer, grants the motion as to the statute of limitations.

What plaintiff has set out in the two counts of her Motion for Judgment in nearly all respects states a breach of a promise to marry cause of action. But since 1968 that civil cause of action has been abolished in Virginia by its General Assembly as a matter of public policy. Virginia Code § 8.01-220. Hence what plaintiff seeks to obtain from defendant in the form of compensatory damages and· punitive damages this Court now has for the most part no authority to allow. (Both compensatory and punitive (exemplary) damages could be recovered in a breach of promise to marry case, provided the facts supported such an award. See the comments in *Burton etc. v. Mill et al.*, 78 Va. 468, 481 (1884).)

Plaintiff relies upon *Raftery v. Scott*, 756 F.2d 335 (4th Cir. 1985), as authority for her contention that despite the prohibition of the Virginia statute above, she can still assert at least a separate cause of action entitling her to damages for the intentional infliction of emotional distress.

This Court disagrees and points out again that exemplary damages for infliction of emotional distress have always been available to an injured plaintiff in a breach of promise to marry case in Virginia if the facts justified such award. When our legislature took away the breach of promise to marry cause of action, it eliminated plaintiff's entitlement to any damage award, compensatory or punitive. It must be noted that the Virginia statute uses the language that *"Notwithstanding any other provision of law to the contrary*, no civil action shall lie or be maintained in this Commonwealth for breach of promise to marry . . ."* (Emphasis supplied.)

What plaintiff seeks to do here is to substitute the new cause of action for punitive damages recognized in *Womack v. Eldridge*, 215 Va. 338 (1974), and later Virginia cases for the old prohibited breach of promise to marry cause of action. That she cannot be permitted to do. If breach of promise to marry suits are to be ever revived in Virginia, it will have to be by act of the legislature and not by rulings of the courts.

The only monetary claims that plaintiff can now assert against defendant relate to the monies she expended for defendant's car and for his telephone calls, both done at his request, and spelled out in paragraph 6 of her Motion for Judgment. Claims of this nature appear to survive the statutory prohibition and can be pursued. See the discussion in *Bryan v. Lincoln*, 168 W. Va. 556, 285 S.E.2d 152 (1981). (There plaintiff was allowed to sue for $5,000.00 paid defendant to purchase her first husband's interest in joint realty. This was in anticipation that defendant would then marry plaintiff. Instead defendant purchased the realty interest with the money but remarried her first husband. The Supreme court of West Virginia noted the predominant view to be that statutes such as Virginia and West Virginia both have to "go no further than to bar actions for damages suffered from loss of marriage, humiliation, or other direct consequences of the breach and do not affect the rights of the parties relative to gifts passing between them, which are still determinable by common-law principles.") See also the *Annotation* mentioned by that Court and found at 46 A.L.R.3d 578, 588 et seq. (1972).

As a practical matter, the asserted fraud claims are made moot by virtue of this court's ruling on the demurrer. Nevertheless it should be stated that were they viable claims, they would not be barred by the running of the applicable one-year statute of limitations, Virginia Code §§ 8.01-248 and 8.01-249; *Pigott v. Moran*, 231 Va. 76 (1986). For plaintiff alleges fraud of a continuing nature extending right up until the existence of defendant's existing prior marriage was discovered on December 17, 1986. Since this suit was filed on December 10, 1987, the fraud claims are not time barred.

Please present an Order, noting objections, sustaining the Demurrer without leave to amend as to all of plaintiff's claims except those referred to in paragraph 6 of her Motion for Judgment and overruling the Plea of the Statute of Limitations.