Fremont-Smith, J.
This action arises as a result of the plaintiff having lived in the defendant’s home in an intimate relationship, without benefit of marriage, during which period of time he expended substantial *200 money and labor in remodeling and improving defendant’s home. After the relationship ended, plaintiff brought this action for reimbursement for the value of the materials and services he provided to defendant’s home, or in the alternative, for a constructive trust to be imposed on defendant’s home to the value of such improvements. The case was heard without a jury on October 14 and 15, 1993.
I. FINDINGS OF FACT
Based on the evidence received at trial, the Court finds as follows:
The plaintiff and defendant became acquainted as a result of the marriage of plaintiffs son and defendant’s daughter. A romance blossomed, and plaintiff accepted defendant’s invitation to live with her at her home at 131 Abbott Street, in Andover. After a short time, they shared her bedroom, and the relationship continued for most of the period November 1986 until November 1990. At that time, plaintiff left defendant’s home as a result of an argument. Attempts at reconciliation by plaintiff were unsuccessful and resulted in plaintiff being ordered, pursuant to Chapter 209A, to keep away from defendant’s premises (after being permitted to collect his personal effects). When it became clear that no reconciliation would be possible, plaintiff filed this action in 1991.
Although plaintiffs counsel argued at the trial that defendant had intentionally deceived or misled the plaintiff, I find that there was no deceit or misrepresentation by the defendant. On the contrary, a sincere feeling of love and affection, shared by both parties, was evidenced by the numerous personal birthday messages and cards between the parties. On the other hand, I do not credit defendant’s argument and testimony that she did not desire or need any of the improvements, or that they were forced on her without her consent. I find that plaintiffs expenditure of money and labor was accepted by the defendant, and that they were provided by plaintiff as a result of a mutual relationship of trust, confidence and love. I further find that the money and labor were not provided with a purely donative intent, but with the expectation, which defendant encouraged, that their relationship would be permanent and that he would share in the enjoyment of the improvements that he had provided.
Although the remodeling and improvements to the kitchen, bathrooms, patio and other areas of the house may not all have been strictly necessary (in that the house was certainly habitable and was reasonably attractive in its prior condition), a comparison of the photographs of the interior and exterior before and after the renovation and improvements indicates obvious enhancement of the home, both visually and functionally, as a result of the improvements. Accordingly, I find that the remodeling, reconstruction and enlargement of certain areas, and installation of new appliances, rugs and furniture substantially enhanced the value of defendant’s home.
The evidence with respect to the dollar value of the furnishings and improvements was not precise. The plaintiff placed in evidence his cancelled checks representing payments for building materials, appliances and furniture, totalling in excess of $42,000. Plaintiffs expert on remodeling costs, Mr. Follansbee, testified that he had inspected defendant’s home on January 23, 1993, and, based upon his experience as a developer and contractor for home improvements, estimated the replacement cost of the improvements, additions, and furniture to be in the total sum of $66,275. Although neither Mr. Follansbee nor the plaintiff provided any estimates of the amount by which the value of defendant’s home was thereby enhanced I find, based upon all of the evidence, that the value of the home was enhanced by at least $25,000 as a result of plaintiffs expenditures and labors.
II. RULINGS OF LAW
I conclude that, although no fraud was practiced on the plaintiff here, “other inferences may be drawn from the confused relationship between two people who trusted each other and who obviously cared for each other.” Hatton v. Meade, 23 Mass.App.Ct. 356, 365 (1987). Here, as in Hatton, the plaintiff could be found to have relied upon the defendant in many respects and it could be inferred that she understood his trust on and reliance in her, so that a constructive trust should be imposed on the locus. Id. See also Sullivan v. Rooney, 404 Mass. 160, 163 (1989), and Barry v. Covich, 332 Mass. 338, 341 (1955).
The same result is reached if the plaintiffs claim is viewed as one for quantum meruit based upon an implied contract. See DeCicco v. Barker, 339 Mass. 457, 458 (1959), where any donative intent was found to have been conditional upon the permanency of the relationship, and Butler v. Butler, 225 Mass. 22, 26-27 (1916).
ORDER
Accordingly, it is hereby ordered and decreed as follows:
(1) Judgment shall enter for the plaintiff in the sum of $25,000.
(2) A constructive trust is declared to exist for the benefit of John Romano on the premises of 131 Abbott Street, Andover, Massachusetts in the sum of $25,000.
(3) This judgment may be filed and recorded in the Essex County Registry of Deeds, Southern District, as a Lis Pendens, pending satisfaction of the judgment.