[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff Todd Smith has brought this action in four counts against the defendant, Pamela O. Davis, seeing the return of funds and stock transferred to the defendant during a romantic relationship while the parties were both married. The plaintiff now seeks a prejudgment attachment against the defendant's property to secure any potential judgments. The defendant opposes the application based upon General Statute 52-550.
The relationship between the plaintiff and the defendant commenced in 1993 and continued until March 1, 1997 when it was terminated by the defendant. During that time, the plaintiff claims that both parties planned to obtain a divorce from their respective partners so that they could marry. He also claims that to assist her financially in her divorce, the defendant requested funds to reduce her credit and debts. The plaintiff turned over to the defendant $1,600.00 in March 1995; $6,000.00 in December 1995; $3,700.00 and 6,327.63 in December 1996. In addition 200 shares of Avetex was purchased for the defendant's account.
General Statute 52-278d provides in part: CT Page 12263
 . . . . If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims, or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. . . .
As stated in Three S. Development Co. v. Santore,193 Conn. 174, at 175:
 . . . The language of our prejudgment remedy statutes; General Statutes § 52-278a et seq.; requires that the court determine "whether or not there is probable cause to sustain the validity of the plaintiff's claim"; General Statutes § 52-278d(a); that is to say "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes § 52-278c(a)(2). "The legal idea of probable cause is a bona fide brief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Wall v. Toomey, 52 Conn. 35, 36 (1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. Ledgebrook Condominium Assn., Inc. v. Lusk Corporation,
CT Page 12264 172 Conn. 577, 584, 376 A.2d 670 (1977). The court's role in such a hearing is to determine probable success by weighing probabilities. Michael Papa Associates v. Julian, 178 Conn. 446, 477, 423 A.2d 105 (1979).
See also New England Land Co. Ltd. v. DeMarkey, 213 Conn. 612, 620.
The defendant relies on general statute 52-550 which provides, "(a) no civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: . . . (3) upon any agreement made upon consideration of marriage; . . ." The Supreme Court stated inPiccininni v. Hajus, 180 Conn. 369 at 372:
 The predominant view is that Heart Balm statutes should be applied no further than to bar actions for damages suffered from loss of marriage, humiliation, and other direct consequences of the breach, and should not affect the rights and duties determinable by common law principles. In Re Marriage of Heinzman, 579 P.2d 638 (Colo.App. 1978), aff'd, 596 P.2d 61 (Colo. 1979); Gill v. Shively, 320 So.2d 415 (Fla.App. 1975); Norman v. Burks, 93 Cal.App.2d 687, 209 P.2d 815 (1949); Beberman v. Segal, 6 N.J. Super. 472, 69 A.2d 587 (1949); Pavlicic v. Vogtsberger, supra.
 Furthermore, the majority rule appears to be that a gift made in contemplation of marriage is conditional upon a subsequent ceremonial marriage; In Re Marriage of Heinzman, 596 P.2d 61 (Colo. 1979); DeCicco v. Barker, 339 Mass. 457, 159 N.E.2d 534 (1959); Semenza v. Alfano, 443 Pa. 201, 279 A.2d 29 (1971); Pavlicic v. Vogtsberger, supra; Griffin v. Kelly, 191 Ga. 880, 14 S.E.2d 50 (1941); and that the existence of a Heart Balm Act does not affect common law principles governing a gift to a fiancee made on condition of marriage, which condition is broken by the donee. In Re Marriage of Heinzman, supra 64; Norman v.CT Page 12265 Burks, supra; Gill v. Shively, supra; Beberman v. Segal, supra. See also annot., 24 A.L.R.2d 579, "Effect of Heart Balm Act," §§ 16-18.
As previously stated, the plaintiff's complaint is in four counts. Whether any of these counts are vulnerable to attack is not now before the court. The only issue at this time is probable cause. As noted by Justice Peters in her dissent in Piccininni,
". . . the plaintiff is far from remediless. Since the plaintiff would still be able to proceed in his count for unjust enrichment, . . ." "The plaintiff is also entitled, . . . to recover property given on condition of marriage, . . ."
For the purpose of an application for a prejudgment remedy, the court finds probable cause and therefore orders an attachment in the amount of $19,500.00.
RON. WALTER M. PICKETT, JR. State Judge Referee