# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donald R. Rice,**
**Plaintiff Below, Petitioner**

**vs) No. 17-0089** (Wood County 15-C-345)

**Beverly Crossley,**
**Defendant Below, Respondent**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donald R. Rice, by counsel William B. Summers, appeals the Circuit Court of Wood County's December 27, 2016, order granting respondent Beverly Crossley's motion for summary judgment. Respondent, by counsel C. Blaine Myers, filed a response. On appeal, petitioner argues that the circuit court erred in granting respondent's motion for summary judgment because a genuine issue of material fact existed and because the circuit court erred in applying controlling law.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the spring of 2014, petitioner and respondent became engaged to be married. In April of 2014, petitioner purchased engagement and wedding rings from R.D. Buttermore & Sons, Inc. ("Buttermore"), and gave them to respondent.[1]

In August of 2014, respondent informed petitioner that she no longer wished to follow through with the marriage. Around this time, respondent removed the rings petitioner gave her and offered to return them to him. Petitioner refused to accept the return of the rings and instead told respondent to keep them in the hope that she might reconsider. However, according to the record, respondent never indicated that she would reconsider her decision to end the engagement. Several months after petitioner's refusal to accept the rings, respondent contacted Buttermore for the purpose of selling them on consignment in an attempt to obtain some value for petitioner. Eventually, respondent received $5,300 for the rings, a total less than the original purchase price.

---

[1]Buttermore was included as a defendant in the proceedings below. However, petitioner raises no assignment of error concerning this defendant or its dismissal from the proceedings below in his brief on appeal. Accordingly, the circuit court's rulings in regard to Buttermore are not at issue in this appeal.

1

Sometime in the spring of 2015, respondent gave the money from the rings' sale to petitioner's son, Father John Rice. Father Rice held the money until July of 2015, at which point he returned it to respondent. In Father Rice's presence, respondent offered to return the entirety of the money she received to petitioner, which he refused.

In June of 2015, petitioner filed a complaint against respondent that alleged, among other causes of action, breach of contract. Respondent initially filed a pro se answer to the complaint. After retaining counsel, respondent filed a counterclaim against petitioner for willful and intentional abuse of civil process.[2] Thereafter, respondent filed a motion for summary judgment. Following a hearing on the motion, the circuit court granted the same by order entered on December 27, 2016. In ruling on the motion, the circuit court specifically found that petitioner twice refused respondent's offer to return either the rings or the funds received from their sale. Accordingly, the circuit court found that petitioner's refusals clearly evidenced an intention to frustrate respondent's attempt to remedy her decision to end the engagement or otherwise repudiate her attempt to return the rings or the money obtained from their sale. It is from the resulting order that petitioner appeals.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Our review is guided by the principle that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. Furthermore,

> "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003). Upon our review, we find no error below.

On appeal, petitioner's assignments of error are predicated upon his erroneous contention that a genuine issue of material fact concerning respondent's attempts to return the rings or the funds obtained from their sale exists. At the outset, it is important to note that petitioner does not

---

[2]In the order on appeal, the circuit court also dismissed respondent's counterclaim upon her representation that she would voluntarily withdraw the same upon the circuit court's granting of her motion for summary judgment.

dispute that respondent offered, on two occasions, to return either the rings or the funds received from the rings' sale. However, petitioner argues that questions of material fact surround "the intent of the parties regarding the time the [respondent] called the engagement off and attempted to return the rings." According to petitioner, he did not refuse to accept the rings but, instead, simply told respondent that "she needed to keep the rings and think about or reconsider what she was doing." The Court, however, does not find this argument compelling.

Even if it is assumed as true that petitioner did request that respondent retain the rings while she reconsidered her decision to end the engagement, the fact remains that respondent never made any indication that she would reconsider her decision. The only overt acts respondent made in regard to the rings clearly evidenced her desire to return them or their value to petitioner. Simply put, petitioner is not, in effect, disputing that he refused to accept the rings' return, only that he refused the return out of a desire for respondent to reconsider the decision. Petitioner admitted as much when he testified that he did not accept the rings when respondent offered to return them because he was "hoping that [respondent] would reconsider the break-off of the engagement." Regardless of petitioner's basis for his refusal to accept the rings, the fact remains that the evidence clearly shows petitioner refused their return. Despite petitioner's desire for respondent to reconsider her decision, there is nothing in the record that indicates respondent agreed to undertake such reconsideration. On the contrary, respondent not only declined to reconsider, but further attempted to return the money she obtained from the rings' sale after petitioner left them in her possession for over five months.

In addressing motions for summary judgment, we have held as follows:

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). Elaborating on this holding, we have stated that

> [t]o be specific, the party opposing summary judgment must satisfy the burden of proof by offering more than a mere "scintilla of evidence" and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. The evidence illustrating the factual controversy cannot be conjectural or problematic. It must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve. The evidence must contradict the showing of the moving party by pointing to specific facts demonstrating that, indeed, there is a "trialworthy" issue. A "trialworthy" issue requires not only a "genuine" issue but also an issue that involves a "material" fact. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

*Williams*, 194 W.Va. at 60, 459 S.E.2d at 337. Here, the circuit court specifically found that there was no genuine issue of material fact because respondent "offered to return the rings to [petitioner] and thereafter offered to return to [petitioner] the funds she had received" from the sale of the rings. Despite these offers, petitioner "refused to accept the rings or the money." Simply, petitioner failed to rebut the evidence that he refused respondent's attempt to return, first, the rings, then, following their sale, the value obtained. Petitioner's motivation for refusing respondent's attempts fails to establish a genuine issue of material fact, and we find no error in the circuit court's grant of summary judgment. Accordingly, we find no error in this regard.

Moreover, petitioner argues that the circuit court erred in its application of our prior holding in *Bryan v. Lincoln*, 168 W.Va. 556, 285 S.E.2d 152 (1981). His reliance on that case, however, is misplaced. The facts in *Bryan* concerned a sum of money given to a party in contemplation of a marriage that never occurred. *Id.* Importantly, however, the party in *Bryan* who received the money and later ended the engagement refused to return the funds. *Id.* at 557, 285 S.E.2d at 153. As set forth above, respondent in this case attempted to return both the rings in question and the funds obtained from their sale after petitioner refused to accept their return. Accordingly, we find that *Bryan* is distinguishable from the current matter, and that petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's December 27, 2016, order granting respondent's motion for summary judgment is hereby affirmed.

Affirmed.

**ISSUED**: January 8, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker