NATHAN B. COOPER, Trustee for the General Creditors of TWENTIETH CENTURY COAL COMPANY, INC., Appellant, v. ARTHUR LIEBERT and CHARLES LIEBERT, Respondents.

No. 4885

June 15, 1965                                      402 P.2d 989

*Deaner, Butler & Adamson,* of Las Vegas, for Appellant.

*George Rudiak,* of Las Vegas, for Respondents.

# OPINION

By the Court, ZENOFF, D. J.:

This is an appeal from an order denying plaintiff's (the appellant here) motion to discharge a third party claim, dissolving a stay, and conditionally requiring the sheriff to release an attachment. We need only be concerned with the order denying appellant's motion to discharge the third party claim as the determination of that issue disposes of the appeal.

Appellant brought suit in Nevada upon a foreign judgment obtained in Kentucky. Complying with the procedural requirements of Nevada's attachment statutes, certain real property was attached at the commencement of the action. Respondents, not parties to the litigation, filed a third party claim pursuant to NRS 31.070 and served appellant a notice to furnish an undertaking as provided therein. Rather than follow the procedure provided in the statute, appellant chose to file a motion to discharge the third party claim and obtained an order staying further proceedings. After hearing, the trial court denied the motion to dismiss the third party claim, dissolved the stay order, and required appellant to give the sheriff an undertaking in an amount double the value of the property attached ($533,200) by 5:00 p.m., on February 15, 1965, the order being entered about 4:00 p.m., on the same date. Appellant failed to give the sheriff the undertaking and the sheriff released the property from the attachment.

The issue presented on appeal is whether or not the third party claim statute can be applied to attachments of real property.[1]

---

[1] NRS 31.070 states in pertinent part: *"Third party claims in property levied on; undertaking by plaintiff; liability of sheriff; exception to sufficiency of sureties; hearing to determine title to property.*

"1. If the property levied on is claimed by a third person as his

NRS 31.070 is part of Title 3 of the Nevada Revised Statutes. NRS 28.010 of the same Title 3 states:

" 'Property' includes both real and personal property."

The attachment statutes of Nevada make clear provision for the attachment of real property and the method and procedures therefor. NRS 31.060(1). However, appellant contends that First National Bank of Santa Ana v. Kinslow, 8 Cal.2d 339, 65 P.2d 796, and subsequent California legislation, C.C.P. 689, compel us to construe our third party claim statute in the same light as has California, which clearly makes the third party claim provisions inapplicable to realty.

We do not accept this contention. First, it is not clear that our third party claim statute was borrowed from California. The legislative history does not so advise us, and there are differences in the statutory language when the two are compared. In any event, our statute was enacted in 1933, some four years before Kinslow was decided by the California court, thus precluding any

---

property by a written claim verified by his oath or that of his agent, setting out his right to the possession thereof, and served upon the sheriff, the sheriff must release the property if the plaintiff, or the person in whose favor the writ of attachment runs, fails within 5 days after written demand to give the sheriff an undertaking executed by at least two good and sufficient sureties in a sum equal to double the value of the property levied on. If such undertaking be given, the sheriff shall hold the property. The sheriff, however, shall not be liable for damages to any such third person for the taking or keeping of such property if no claim is filed by any such third party.

"2. Such undertaking shall be made in favor of and shall indemnify such third person against loss, liability, damages, costs and counsel fees by reason of such seizing, taking, withholding or sale of such property by the sheriff.

\* \* \* \* \*

"5. Whenever a verified third-party claim is served upon the sheriff upon levy of the writ of attachment, the plaintiff, or the person in whose favor the writ of attachment runs, shall be entitled to a hearing within 10 days therefrom before the court having jurisdiction of the action, in order to determine title to the property in question, which hearing must be granted by the court upon the filing of an application or petition therefor. Five days' notice of such hearing must be given to all parties claiming an interest in the property, or their attorneys, which notice must specify that the hearing is for the purpose of determining title to the property in question. The court may continue the hearing beyond the 10-day period, but good cause must be shown for any such continuance."

possibility that our legislature had the Kinslow opinion in mind when it passed the law. Kramer v. State of Nevada, 60 Nev. 262, 275, 108 P.2d 304; State v. Ritschel, 220 Minn. 578, 20 N.W.2d 673, 168 A.L.R. 274; Gikas v. Nicholis, 96 N.H. 177, 71 A.2d 785, 24 A.L.R.2d 576. Nor do we like the Kinslow result, for it requires a third party claiming ownership of attached realty to file an independent action for its release. This seems to us to place an expensive and unwarranted burden upon the third party claimant—the circumstance which the summary procedure of the third party claim statute is designed to avoid.

To hold otherwise would be manifestly unjust. The statutes provide a remedy for supplying an undertaking by the defendant either to prevent an attachment (NRS 31.040), or to vacate an attachment (NRS 31.030(2)), or to discharge an attachment (NRS 31.180, NRS 31.200), but appellant would leave one not involved in the lawsuit without a speedy or adequate remedy at all.

We hold that NRS 31.070 is a complete and valid remedy to third persons whose property has been attached, that the remedy therein provided is exclusive, cf. Aronoff v. Katleman, 75 Nev. 424, 345 P.2d 221, and that the term "property" includes both real and personal property.

Affirmed.

THOMPSON and BADT, JJ., concur.