ALL NITE GARAGE, INC., Appellant, v. A.A.A.
TOWING, INC., of Reno, Respondent.

No. 5639

April 2, 1969                              452 P.2d 902

*Daniel J. Olguin,* and *J. Rayner Kjeldsen,* of Reno, for
Appellant.

*Robert L. Schouweiler,* of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

On June 1, 1967, the respondent filed its articles of incorporation with the Secretary of State of the State of Nevada, and entered into an agreement with Hershel Roaden individually and as the president of Marsh Tow Service, Inc., a Nevada corporation, doing business as Roaden's Garage and Body Shop, hereinafter referred to as Marsh Towing Service, for the purchase of certain equipment, including a 1962 GMC tow

truck. The respondent also purchased the name Roaden's Garage and Body Shop, and its use for a period of five years.

On June 9, 1967, the appellant filed a complaint alleging that Marsh Towing Service was indebted to it in the amount of $1,235, together with attorney fees. Prior to that date Kevin T. Shyne, the president of the respondent corporation had contacted the appellant and advised one of its officers that the respondent had bought "certain assets" from Marsh Towing Service. On the strength of an affidavit of attachment filed with the complaint a writ of attachment was issued and delivered to the sheriff. That writ was returned on June 20, 1967, entirely unsatisfied. In the meantime, counsel for the respondent notified counsel for the appellant that his client had purchased equipment from Marsh Towing Service and would proceed with a counteraction if an attempt was made to attach any of the purchased equipment. He also advised counsel for the appellant that he held $1,000 from Hershel Roaden, and offered that amount as full settlement of appellant's claim. Counsel for the appellant acknowledged receipt of the letter of June 19, 1967, and rejected the $1,000 offer of settlement.

On June 23, 1967, the appellant caused another writ of attachment to be issued, and on July 5, 1967, the sheriff attached the 1962 GMC tow truck. The respondent, through its president, filed a verified claim to possession of the truck. Pursuant to the provisions of NRS 31.070(1)(2),[1] the appellant, through its president, furnished a third-party undertaking

[1]NRS 31.070. "1. If the property levied on is claimed by a third person as his property by a written claim verified by his oath or that of his agent, setting out his right to the possession thereof, and served upon the sheriff, the sheriff must release the property if the plaintiff, or the person in whose favor the writ of attachment runs, fails within 5 days after written demand to give the sheriff an undertaking executed by at least two good and sufficient sureties in a sum equal to double the value of the property levied on. If such undertaking be given, the sheriff shall hold the property. The sheriff, however, shall not be liable for damages to any such third person for the taking or keeping of such property if no claim is filed by any such third party.

"2. Such undertaking shall be made in favor of and shall indemnify such third person against loss, liability, damages, costs and counsel fees by reason of such seizing, taking, withholding or sale of such property by the sheriff. By entering into such an undertaking the sureties thereunder submit themselves to the jurisdiction of the court and irrevocably appoint the clerk of the court as agent upon whom any papers affecting liability on the undertaking may be served. Liability on such undertaking may be enforced on motion to the court without the necessity of an independent action. The motion and such reasonable notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the sureties if their addresses are known."

and the tow truck was retained by the sheriff until after a hearing was held on July 27, 1967, at which time the trial court released it to the respondent as legal owner.

By motion, pursuant to NRS 31.070(2), respondent moved against the appellant for damages and attorney fees. On April 11, 1968, the trial court entered its findings of fact, conclusions of law and judgment and awarded the respondent damages in the amount of $973.82, and attorney fees in the amount of $750, together with interest and costs.

It is from that judgment that this appeal is taken upon the grounds that the respondent had "unclean hands" and should have been estopped from recovering damages and fees because of its violations of the laws in connection with the transfer of ownership and use of the 1962 GMC tow truck, and in particular: (1) That the respondent was in violation of the laws of the State of Nevada requiring the registration of motor vehicles after transfer of ownership; (2) that respondent violated the statutory requirement of filing notice of doing business under a fictitious or assumed name; and (3) that the conveyance of ownership from Marsh Towing Service, doing business as Roaden's Garage and Body Shop, to the respondent, was in violation of the Uniform Commercial Code.

Although the trial court found that the actions of the appellant in causing the tow truck to be attached were wrongful, it nevertheless found that the respondent's right to recover was predicated on NRS 31.070. In Cooper v. Liebert, 81 Nev. 341, 402 P.2d 989 (1965), this court said: "We hold that NRS 31.070 is a complete and valid remedy to third persons whose property has been attached, that the remedy therein provided is exclusive . . . ." The third-party undertaking, furnished pursuant to NRS 31.070 was executed by the appellant as a principal. Had the third-party undertaking not been posted with the sheriff it would have been mandatory for him to have released the tow truck pursuant to the provisions of NRS 31.070. In the undertaking, the appellant unconditionally agreed to indemnify the respondent against loss, liability, damages, costs and counsel fees, sustained by reason of the seizing, taking and withholding of the tow truck in an amount not to exceed the sum of $7,353.40.

The appellant's liability growing out of the third-party undertaking was not only contractual, but it was mandatory under the statute. A wrongful attachment was not a condition precedent to recovery by the respondent. Only if the appellant had been able to show a bar by estoppel would the respondent have

been precluded from recovery. In an attempt to show grounds for estoppel the appellant argues that it was misled by acts of the respondent which it contends were unlawful, and that because of such misleading behavior, the 1962 GMC tow truck was attached on July 5, 1967, and held until July 28, 1967, when it was released by order of the trial court.

1. The trial court found that the respondent was not in violation of the law on July 5, 1967, and that the appellant was not misled concerning the ownership of the tow truck on the date of the attachment. We agree.

The appellant simply misinterpreted the meaning of the pertinent statutes and case law, and in reliance on those mis-interpretations caused the tow truck to be held from July 5, 1967 until July 28, 1967. The respondent was damaged when those misinterpretations resulted in the loss of the use of its equipment. The appellant proceeded at its peril. NRS 31.070 was enacted to protect a third-party from this type of conduct.

In the case of Peterson v. Wiesner, 62 Nev. 184, 146 P.2d 789 (1944), this court said: "If appellant thought the property belonged to the Worthys, that would not relieve him of liability for causing it to be attached."

The letter dated June 19, 1967 from respondent's counsel to appellant's counsel, was cautionary in nature, and indicated the respondent's ownership of the tow truck. By his affidavit, counsel for the appellant admitted that on July 5, 1967, he knew that the respondent claimed ownership of the tow truck. Nevertheless, even after a formal third-party claim was filed, the appellant apparently relying upon a misinterpretation of the law caused the tow truck to continue to be held.

In stating the rule of law applicable to a situation similar to the one before us, this court has held that where an officer has attached the property of a stranger, the attachment plaintiff is liable to the owner of the property not only when he directs the wrongful levy but also when he subsequently adopts or ratifies the officer's acts, independently of any bond, and jointly with the attaching officer. McIntosh v. Knox, 40 Nev. 403, 165 P. 337 (1917).

2. Next the appellant claims that the respondent should be estopped from recovery because it had violated NRS 482.205, NRS 482.399, NRS 482.400, NRS 482.410 and NRS 482.-415. With the exception of NRS 482.399(4) and NRS 482.415, the statutes cited by the appellant are completely inapplicable.

NRS 482.399(4) allows a transferee of ownership in a motor vehicle up to 60 days to make application for a transfer of registration before the license plates are to be surrendered. Here the attachment and the release of the tow truck had both occurred before the lapse of 60 days from June 1, 1967.

The trial court, in its findings of fact, specifically found that the respondent was authorized by the State of Nevada Department of Motor Vehicles to operate the tow truck without re-registration and free of penalty until executed title forms were obtained from Marsh Towing Service. There is evidence in the record to substantiate the trial court's finding and no evidence to contradict it. NRS 482.415. We do not feel justified in holding that the conclusion thus reached was reversible error.

3. The appellant's contention that the respondent violated pertinent provisions of NRS Chapter 602, which requires filing notice of doing business under a fictitious or assumed name is answered by reading NRS 602.080(1)[2] which exempts corporations from the provisions of that chapter.

4. The business of towing disabled or abandoned vehicles is an enterprise of service and not an enterprise whose principal business is the sale of merchandise from stocks, and is therefore not within the provisions of the Uniform Commercial Code-Bulk Transfers. NRS 104.6102(3).[3]

The Uniform Commercial Code-Bulk Transfers does not include any specific phrase concerning the business of towing disabled or abandoned vehicles, however, the comments of the drafters of the law indicate that no enterprise whose principal business is service rather than the sale of merchandise is covered by the bulk transfers article. Nichols v. Acers Company, 415 S.W.2d 683 (Texas 1967).

The 1962 GMC tow truck is equipment (NRS 104.-9109(2)), and its transfer to the respondent was not made

---

[2]NRS 602.080(1). "The provisions of this chapter shall not apply to corporations."

[3]NRS 104.6102(3). "The enterprises subject to this article are all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell."

in connection with a bulk transfer of inventory (NRS 104.-6102(2)).[4] Clearly the transfer of ownership of the tow truck from Marsh Towing Service to the respondent was not a violation of Article 6, Uniform Commercial Code-Bulk Transfers.

The appellant's contention that the respondent came to court with "unclean hands" and should have been estopped to assert his claim for damages fails completely. That contention was based on the respondent's alleged violation of existing laws and we have found absolutely no such violations. Here the respondent was not a defendant in the original complaint, but a third-party claiming that it had been deprived the possession and use of its tow truck. The respondent need not prove malice or want of probable cause before being entitled to recover damages. Peterson v. Weisner, supra.

The appellant was strictly obligated within the requirements of NRS 31.070 and the third-party undertaking to indemnify the respondent, and because the appellant failed to establish any bar by estoppel the entry of judgment against it for damages, fees, interest and costs was proper.

To justify the judgment the respondent was obligated to prove not only the fact of damage but the amount. This the respondent did to a reasonable certainty. The amount of the damage was not arrived at by mere conjecture but through substantial evidence.

The appellant's assignments of error are without merit.

The judgment of the trial court is affirmed with costs.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

---

[4]NRS 104.6102(2). "A transfer of a substantial part of the equipment (NRS 104.9109) of such an enterprise is a bulk transfer if it is made in connection with a bulk transfer of inventory, but not otherwise."