H. A. KULIK AND GLORIA KULIK, APPELLANTS, *v.* ALBERS INCORPORATED, A NEVADA CORPORATION, RESPONDENT.

No. 7542

March 5, 1975                                     532 P.2d 603

[Rehearing denied April 7, 1975]

*Diehl, Recanzone, Evans and Smart,* of Fallon, for Appellants.

*McCune & Williams,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

The respondent, Albers Incorporated, became a creditor of William F. and Jo Ann Belden for feed sold the Beldens for their cows. The Beldens had purchased a ranch including equipment and the cows from H. A. and Gloria Kulik. They executed a security instrument for the balance of the purchase price. Neither the agreement nor any financing statement was filed as provided in the Uniform Commercial Code. NRS 104.-9302.

Kulik advised the respondent of the sale in a casual conversation but did not reveal the title retention agreement. Respondent proceeded to sell feed to the Beldens as they had been doing for the Kuliks.

Months later, the Beldens voluntarily relinquished possession of the ranch, cows and equipment to the Kuliks. Respondent sued the Beldens for the unpaid feed bill amounting to several thousands of dollars and obtained a stipulated judgment from which a writ of execution was issued and levied on the cows. Appellants served a third-party claim on the sheriff taking the position that all the personal property that was subject of this sale was voluntarily returned and therefore the security interest was extinguished prior to the maturity of any rights of Albers to the collateral. The cows were released from the writ of execution when the respondent failed to give the sheriff an undertaking. NRS 31.070.[1]

---

[1]NRS 31.070 holds in part:

1. If the property levied on is claimed by a third person as his property by a written claim verified by his oath or that of his agent,

Respondent petitioned the trial court to determine title to the cows. The court ruled that at the time of the sheriff's seizure title to the cows was in the Beldens (subject to a prior claim of a lending institution which is not germane to this action) and that the appellants' interest was subordinate to respondent's judgment because the Kuliks had failed to file the agreement of sale or a financing statement as the Uniform Commercial Code provides.

The appellate questions are: (1) did the district court have jurisdiction to hold that the title to the dairy cows was in the Beldens and that the Kulik interest was subject to respondent's execution, and (2) is the ruling of the district court contrary to the law and evidence.

1. The purpose of NRS 31.070 is to determine whether the property upon which the writ of execution is levied is properly subject to the writ. In order to be so it must be owned by the party against whom the judgment was entered. NRS 21.120 merely provides that the law to be applied to writs of execution is NRS 31.070.

NRS 31.070 is the appropriate vehicle for the determination of the issues which arose out of the dispute between these parties. A judgment in favor of the respondent was awarded against the Beldens. A writ of execution was issued out of that judgment against property which was asserted to be the property of the Beldens. The Kuliks dispute the title or ownership of that property claiming the cows as their own and therefrom immune from the respondent's levy of execution. The dispute is classic for providing the trial court with jurisdiction under NRS 31.070. Cooper v. Liebert, 81 Nev. 341, 402 P.2d 989 (1965); All Nite Garage, Inc. v. A. A. A. Towing, Inc., 85 Nev. 193, 452 P.2d 902 (1969).

---

setting out his right to the possession thereof, and served upon the sheriff, the sheriff must release the property if the plaintiff, or the person in whose favor the writ of attachment runs, fails within 7 days after written demand to give the sheriff an undertaking executed by at least two good and sufficient sureties in a sum equal .to double the value of the property on . . .

. . .

5. Whenever a verified third-party claim is served upon the sheriff upon levy of the writ of attachment, the plaintiff or the third-party claimant is entitled to a hearing within 10 days therefrom before the court having jurisdiction of the action, an order to determine title to the property in question, which hearing must be granted by the court upon the filing of an application or petition therefor.

Failure to put up the undertaking has no particular significance to the issue of jurisdiction. It merely gives possession to a third party pending the court's determination of title. ·Wantz v. Redfield, 74 Nev. 196, 326 P.2d 413 (1958).

2. The relative priorities between the Kuliks and the respondent flowed from the court's determination of whether title to the cows was in the Beldens at the time of the levy of execution or owned by the Kuliks. The Beldens voluntarily gave the cows to the Kuliks before respondent's levy of execution. Such a tactic does not necessarily give the Kuliks a superior right because of their security agreement in preference to Albers creditor's claim.

NRS 104.9301(1)(b) provides: ". . . An unperfected security interest is subordinated to the rights of: . . . **(b) A** person who becomes a lien creditor without knowledge of the security interest and before it is perfected." (Effective July 1, 1975, the "without knowledge" wording is removed.) To perfect a security interest, as applicable here, the holder of a security interest may file a financing statement under NRS 104.9302 or by having possession of the collateral.[2] No filing was made. The Kuliks' claim of ownership was in violation of the Uniform Fraudulent Conveyance Act, Chapter 112, Nevada Revised Statutes. The transfer was made when the Beldens were in default on their contract to make payments from the property and were unable to pay their ordinary debts, such as the feed bill when due.

Clearly, Albers Incorporated is a lien creditor.[3] Mann v. Clark Oil & Refining Corporation, 302 F.Supp. 1376 (E.D. Miss. 1969), aff'd 425 F.2d 736 (8th Cir. 1970).

The remaining question is, did Albers have knowledge of the Kuliks' security interest? According to the testimony the

---

[2]NRS 104.9102 states in part: "This article applies to security interests created by contract including pledge, . . . conditional sale, . . ."
  NRS 104.9302 states in part: "A financing statement must be filed to perfect all security interests except the following: . . ."

[3]NRS 104.9301(3) states: "A 'lien creditor' means a creditor who has acquired a lien on the property involved by attachment, levy or the like . . ."

Kuliks indicated to respondent that Belden was a good dairy operator and as to the reliability of the Beldens that if he ever had to take it back (the ranch transaction), he would have to make the bills good. The district court ruled that this was not sufficient to put the respondent on notice of the Kuliks' security interest, particularly in light of testimony on behalf of respondent that Kulik had led him to believe the dairy had been sold and that Albers knew nothing about the contract of sale. Where a trial court sitting without a jury has made a determination upon the basis of conflicting evidence, that determination should not be disturbed on appeal if it is supported by substantial evidence. Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973). Further, the burden of proving knowledge is on the holders of the unperfected security interest, the Kuliks here. Massachusetts Mut. L. Ins. Co. v. Central Penn. Nat. Bank, 372 F.Supp. 1027 (E.D. Penn. 1974); Levine v. Pascal, 236 N.E.2d 425 (Ill.App.2d 1968). They didn't meet that burden.

We conclude that under NRS 104.9301(1)(b) the respondent, a lien creditor, has priority over the unperfected security interest of the Kuliks.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.