OPINION
By the Court,
Springer, J.:
In 1984, Damsco Escauriaza sued Karen Elliott’s former hus *980 band, Jack Elliott, and obtained a $22,000.00 judgment against him. Escauriaza instructed the sheriff of Clark County to execute the judgment by levying upon an automobile that had been owned by Karen Elliott and Jack Elliott as community property, but which had been awarded to Karen Elliott in a divorce.
Nevada, like most states, has a statute which, by its terms, provides an exclusive[1] and summary means for disposing of claims like Karen Elliott’s, that the sheriff has levied on the wrong property. The statute, NRS 31.070, is called a “third-party claims” statute. This statute sets forth a very simple procedure for cases where, as here, “the property levied on is claimed by a third person as his [or her] property.” NRS 31.070(1). All the claimant has to do under the statute is to make a sworn statement claiming rightful ownership and possession of the property levied-upon and present the claim to the sheriff. The sheriff, in turn, “must release the property” unless the person who instituted the levy on the property disputes the third-party claim and gives to the sheriff an undertaking equal to double the value of the property. Id. If such an undertaking is not presented to the sheriff within seven days of the claim, the sheriff simply returns the property to its true owner. Id. In cases in which the levying party puts up the required undertaking, NRS 31.070 provides for resolution of the opposing claims by “motion to the court without the necessity of an independent action.” NRS 31.070(2) (emphasis added).
For reasons that are more than a little obscure, Karen Elliott did not avail herself of the simple, exclusive, summary procedures set forth in NRS 31.070; instead, she filed a lawsuit, an *981 “independent action” against the sheriff and Denton and Denton, the judgment creditor’s attorneys, even though NRS 31.070(1) expressly states that the sheriff “shall not be liable for damages to any such third person for the taking or keeping of such property if no claim is filed by any such third party” and even though NRS 31.070 provides the exclusive remedy[2] to Elliott for the release of her car. (Emphasis added.)
In this first lawsuit (which is not the subject of this appeal), Elliott sought damages against Denton and Denton for wrongful attachment (sic) and also sought an injunction ordering Denton and Denton to return her car to her. Elliott settled her claim and dismissed her lawsuit against the sheriff; however, she continued to pursue her injunction action against Denton and Denton. Rather than dismiss the injunction action against the lawyers out of hand,[3] the trial court, in February of 1986, actually issued an injunction ordering Denton and Denton to wrest the car out of the sheriff’s possession and return it to Karen Elliott, even though a substantial storage lien had to be paid by the law firm in order to comply with the court’s injunctive command. The trial court denied recovery on Elliott’s tort damage action against Denton and Denton for “wrongful attachment.”[4]
*982 The basis for the trial court’s issuing, in the first lawsuit, a mandatory injunction against the judgment creditor’s attorneys remains a mystery. There would appear to be no conceivable justification for ordering the law firm to bail out Karen Elliott’s car; still, a mandatory injunction was entered, and it does appear from the record that in June of 1988, Denton and Denton did in fact honor the injunction by paying $4,000.00 in storage fees to the sheriff to gain possession of the car. After she got her car back, Karen Elliott sued Denton and Denton again. This second lawsuit is the subject of this appeal.
In her second lawsuit, Karen Elliott sued Denton and Denton for the “diminution in value of the automobile caused while in the Respondents’ possession or constructive possession and damages based upon the Respondents’ negligence in failing to properly provide for, preserve and care for the automoble.”[5] (Elliott Op. Br. at 4; emphasis added.) The trial court dismissed her complaint with prejudice, and she now appeals the denial of her negligence[6] claim against Denton and Denton.
One of the many paradoxical aspects of this case is that Karen Elliott did not argue to the trial court, and does not argue on appeal, that any member of or agent of the law firm of Denton and Denton was negligent. Perhaps the reason for this is that none of the lawyers in the Denton firm had the duty to “provide for, preserve and care for the automobile.” Until, in response to a mandatory injunction, Denton and Denton paid $4,000.00 to the sheriff so that the car could be returned to Karen Elliott, neither the law firm nor their client, Escauriaza, had the right to come near the car, much less to “preserve and care for” it. The law *983 firm quite obviously, at no time, had any duty of due care with respect to Karen Elliott’s car. Consequently, there can be no breach of a duty of due care and no negligent tort liability on the part of Denton and Denton. The trial court’s judgment will, therefore, be affirmed.[7]
Shearing, J., and Zenoff,[8] Sr. J., concur.

The third-party claim statute is designed to give a summary remedy to persons, such as Karen Elliott, who own property in which a judgment creditor can claim no interest. That the true owner of levied-upon property has an “exclusive remedy” for recovering the property does not, of course, mean that a separate, tort remedy for malicious abuse of property may not be available to a person whose property is tortiously attached. In Nevada Credit Rating Bur. v. Williams, we recognized the existence of the malicious abuse of process tort in a case in which the “attachee” sued the attaching party, where the “attachment was far in excess of that necessary to secure the debt.” 88 Nev. 601, 606, 503 P.2d 9, 12 (1972). Nevada Credit Rating Bur. was not a third-party claim case and therefore has no bearing on the present case; still, it is conceivable that a third-party claimant might, in an independent action, sue a sheriff or an attaching party for tort damages if she or he could prove “(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding.” Id. at 606, 503 P.2d at 12. There has never been any suggestion of any “ulterior purpose” on the part of the Denton firm, and NRS 31.070 was at all times the exclusive remedy available to Karen Elliott.

The exclusive nature of the NRS 31.070 remedy is seen in All Nite Garage v. A.A.A. Towing, Inc., 85 Nev. 193, 452 P.2d 902 (1969). In All Nite, the third-party claimant successfully secured return of a vehicle by employing the measures provided in NRS 31.070(2) “without the necessity of an independent action.” Id. at 195 n.1, 452 P.2d at 903-04 n.1 (quoting NRS 31.070(2)). By motion, pursuant to NRS 31.070(2), the claimant sought and obtained recovery of damages and attorneys fees. Id. at 196, 452 P.2d at 904. The court noted in All Nite that it was not necessary to show “wrongful attachment” in order to recover damages, costs and attorneys fees, id. at 196, 452 P.2d at 904; these could be awarded under the NRS 31.070 provision that allowed for recovery of all “loss, liability, damages, costs and counsel fees by reason of such seizing, taking, withholding or sale of such property by the sheriff.” Id. at 195 n.l, 452 P.2d at 903-04 n.1 (quoting NRS 31.070(2)). In Cooper v. Liebert, 81 Nev. 341, 344, 402 P.2d 989, 991 (1965), quoted with approval in All Nite, this court held “that NRS 31.070 is a complete and valid remedy to third persons whose property has been attached, [and] that the remedy therein provided is exclusive.” (Emphasis added.) If Karen Elliott had filed a proper third-party claim, she probably would have had her car back in no more than seven days. If she claimed to have suffered any “loss, liability, costs and counsel fees by reason of such seizing,” she could have recovered these by “motion to the court [in the collection action] without the necessity of an independent action.” NRS 31.070(2). She was ill-advised to file an independent action for wrongful attachment and for an injunction to get her car back.

It is very clear that Elliott had an adequate remedy at law, namely, the legal remedy provided for by NRS 31.070; it is hard to understand how the trial court entertained a complaint for injunction under these circumstances.

In her lawsuits against Denton and Denton, Karen Elliott insists on referring to the execution levy as an “attachment.” There was never a writ of *982 attachment issued in this case. In any event, when the wrongful attachment suit was dismissed in favor of Denton and Denton in the first lawsuit, this form of action became barred by res judicata.

In her second lawsuit, Karen Elliott again sued Denton and Denton for wrongful attachment; but Karen Elliott does not try to pursue her supposed wrongful attachment action on appeal; rather, as stated in the text, she appears to rely on a theory of negligence.

It is not entirely clear just what the nature of Elliott’s tort claim is. Although she appears to be asserting a claim in negligence, Elliott’s counsel was asked during oral argument to identify the tort action that he was pursuing on behalf of his client. Counsel responded, “It’s contempt, your honor.” It is not, then, entirely clear as to whether Karen Elliott is suing for negligence or for the rather novel, if not unheard of, tort of “contempt.” If we were to assume that the injunction issued in the first lawsuit had any viability at all, then Denton and Denton complied with that injunction in June of 1988, and, having purged themselves of any possibility of contempt, can hardly be sued in 1991 for a tort based on a supposed contempt of court which necessarily had to have occurred some time before June 1988.

Rather than attempting to establish negligent conduct on the part of Denton and Denton, Elliott’s counsel rests his case on appeal on his assertion that “the judgment in case #A232778 was conclusive: the case was res judicata,” that “final judgment in case A232778 precludes relitigation of those issues in the case at bar.” (Elliott Op. Br. at 14, 21.) The judgment in case A232778 has nothing at all to do with the thrust of the present case, which is Elliott’s claim that the lawyers in the Denton law firm were negligent in the manner in which they cared for Karen Elliott’s car. Elliott’s negligence claim cannot possibly .be established by the doctrine of res judicata.
Karen Elliott has also raised, in this appeal, issues relating to the manner in which the trial judge conducted the trial. Because Karen Elliott made no attempt to prove negligence and because the negligence claims cannot be established by res jud:cata, we conclude that there is no need to consider the contentions relative to the manner in which the trial was conducted. Denton and Denton are entitled to judgment as a matter of law.