HALEY BROOKSBY; TYSON BROOKSBY; AND TREY BROOKSBY, APPELLANTS, v. NEVADA STATE BANK, A NEVADA CORPORATION, RESPONDENT.

No. 58006

November 7, 2013

312 P.3d 501

*Steven W. Shaw*, Las Vegas, Nevada, for Appellants.

*Gordon Silver* and *Erika A. Pike Turner* and *Joel Z. Schwarz*, Las Vegas, for Respondent.

Before HARDESTY, PARRAGUIRRE and CHERRY, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

A judgment creditor may garnish only a debtor's funds that are held in a joint bank account, not the funds in the account owned solely by the nondebtor. In post-judgment proceedings below, a judgment creditor garnished the funds in bank accounts held by the judgment debtor jointly with her nondebtor children. The children, claiming that the garnished funds belonged to them alone, objected and petitioned the district court for relief, but the district court summarily denied their petition. Because the children's claims to the funds were timely and properly made, we reverse the district court's decision and remand this matter for an evidentiary hearing to determine whether the garnished funds actually belong, and thus must be returned, to the nondebtor children.

### FACTS AND PROCEDURAL HISTORY

Appellants Haley, Tyson, and Trey Brooksby are the children of judgment debtors who, as guarantors of a commercial loan, owe respondent Nevada State Bank on a $4.1 million post-foreclosure judgment. Nevada State Bank executed on the judgment through writs of execution and garnishment of the judgment debtors' Wells Fargo bank accounts. Although the writs and instructions did not mention the Brooksby children's Wells Fargo bank accounts, those accounts were held jointly with their mother and thus were levied as well. According to the Brooksby children, their Wells Fargo bank accounts were established when they were minors and held funds that belonged to them alone—money given to them as birthday presents, college scholarships, and wages they earned from odd jobs while in high school.[1] The Brooksby children were not served with the writs of execution and garnishment, but upon noticing that their funds had been seized, they began corresponding with Wells Fargo and Nevada State Bank.

When their use of informal means failed to result in the return of funds, they made verified claims for wrongful execution and petitioned the district court for a hearing in the deficiency/guarantor action between their parents and Nevada State Bank. The verified claims were not served on the constable who had served the writs of execution and garnishment, however, and upon Nevada State Bank's objection, the children made renewed verified claims one month later, which were mailed to the constable. The next month, without a hearing, the district court denied the Brooksby children's petition and claims; the district court minutes indicate only that the pleading was improper. Unclear on why their petition and claims

---

[1]At the relevant time, Haley, Tyson, and Trey were 19, 17, and 15 years old, respectively.

were denied but presuming that it was based on Nevada State Bank's objection to lack of proper service on the constable, two days later, the Brooksby children filed renewed claims and, shortly thereafter, another petition for the return of their account funds under NRS 21.120 (third-party claims concerning writs of garnishment in aid of execution) and NRS 31.070 (third-party claims statute). Again without holding a hearing, the district court denied their claims and petition, this time stating that the claims were untimely. The Brooksby children appealed.

## DISCUSSION

In their appeal, the Brooksby children argue that bank account funds held jointly by a judgment debtor and a nondebtor are subject to levy by a judgment creditor only to the extent that they are owned by the judgment debtor and thus do not constitute property belonging solely to the nondebtor. We agree.

Only property owned by the judgment debtor is subject to garnishment, and questions regarding title to that property as between the judgment creditor and a third party are properly determined by the court having jurisdiction under NRS 31.070. NRS 31.249(2); *Kulik v. Albers, Inc.*, 91 Nev. 134, 137, 532 P.2d 603, 605-06 (1975); *see also* NRS 21.120 (referring third-party claims concerning writs of garnishment in aid of execution to the NRS 31.070 process). In line with this ownership rule, a majority of courts, under a variety of theories, have held that a judgment creditor is not entitled to joint bank account funds that truly belong to someone other than the judgment debtor. *See, e.g., Maloy v. Stuttgart Mem'l Hosp.*, 872 S.W.2d 401, 402 (Ark. 1994) (noting that this appears to be the majority view and citing *Traders Travel Int'l, Inc. v. Howser*, 753 P.2d 244 (Haw. 1988)); *Triplett v. Brunt-Ward Chevrolet, Inc.*, 812 So. 2d 1061, 1066 (Miss. Ct. App. 2001); *Jemko, Inc. v. Liaghat*, 738 P.2d 922, 924-25 (N.M. Ct. App. 1987); *Union Props., Inc. v. Cleveland Trust Co.*, 89 N.E.2d 638, 641 (Ohio 1949); *Beehive State Bank v. Rosquist*, 439 P.2d 468, 469 (Utah 1968); Martha A. Churchill, Annotation, *Joint Bank Account as Subject to Attachment, Garnishment, or Execution by Creditor of One Joint Depositor*, 86 A.L.R. 5th 527 (2001). We agree that, under *Kulik* and the authority cited above, Nevada State Bank is not entitled to retain any funds owned solely by the Brooksby children and garnished from their joint bank accounts with the judgment debtors.

Nevada State Bank argues, however, that the Brooksby children's claims were properly denied because they were untimely made under NRS 31.070, after the constable delivered the funds to

the judgment creditor. NRS 31.070(1) provides that, if a third-party claim is served upon the sheriff (or constable), the judgment creditor has seven days in which to give the sheriff an undertaking, or else the sheriff must release the property to the third party. If no verified third-party claim is served on the sheriff, the sheriff is not liable for taking or keeping the property. *Id.* The NRS 31.070 time limits—both to make a verified claim while the property is still in the sheriff's hands and to make an undertaking—are designed to protect the sheriff from liability, but nowhere does that statute include an absolute deadline for making a third-party claim to the property before a court, especially when, as here, the third party is not served with notice of the writs of execution and garnishment. *See Kulik*, 91 Nev. at 138, 532 P.2d at 606 (noting that the undertaking portions of NRS 31.070 provide for interim relief; they do not affect the district court's jurisdiction). The Brooksby children sought return of the funds within a few days of their accounts being garnished, first informally and then, when that proved unsuccessful, by filing claims and a petition for relief about three months later. Therefore, it appears that the Brooksby children timely sought relief in the district court. Further, the Brooksby children do not assert that the joint bank accounts were exempt from garnishment, but that the funds therein are not available to satisfy the demands of their parents' judgment creditors because the funds do not belong to their parents. Thus, Nevada State Bank's argument that joint bank accounts are not exempt from garnishment is irrelevant. Nor do we see any procedural impediment to the district court's resolution of the Brooksby children's renewed verified claims and petition.[2]

Because the Brooksby children appear to have made proper and timely claims asserting ownership of the garnished funds, they should have an opportunity to demonstrate, in an evidentiary hearing, that the funds are owned by them, not the judgment debtors, and thus are not subject to garnishment by Nevada State Bank. *See Maloy*, 872 S.W.2d at 402 (explaining that all funds in joint bank accounts are presumptively subject to garnishment by the judgment creditor of one of the account holders, but that the account holders may rebut that presumption in an evidentiary hearing by showing that a nondebtor actually owns some or all of the funds). For these reasons, we reverse the district court's order denying the Brooksby children's petition for a hearing and claims concerning the return of the bank account funds and remand this matter to the district court for further proceedings consistent with this opinion.

HARDESTY and CHERRY, JJ., concur.

---

[2]In light of this conclusion, we need not reach the parties' arguments concerning the first order denying the Brooksby children's original petition.