138 Nev., Advance Opinion 75

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLARK NMSD, LLC, D/B/A THE SANCTUARY, Appellant, vs. JENNIFER M. GOLDSTEIN, AN INDIVIDUAL, Respondent. | No. 84623 |



FILED

NOV 23 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Motion to dismiss appeal from a district court order denying relief in post-judgment collection proceedings under NRS 31.070.

*Motion denied.*

Law Office of Mitchell Stipp and Mitchell D. Stipp, Las Vegas,
for Appellant.

Dickinson Wright PLLC and Brian R. Irvine and Brooks T. Westergard,
Reno,
for Respondent.

_____

BEFORE THE SUPREME COURT, HARDESTY, STIGLICH, and HERNDON, JJ.

*OPINION*

By the Court, HARDESTY, J.:

Does a third-party entity in a post-judgment collection action have party standing to appeal from a district court's order resolving its

22-36847

petition to return property levied pursuant to a writ of execution? Because we have not previously addressed this issue in a published opinion, we take this opportunity to answer the question in the affirmative. Since the third-party entity has standing under NRS 31.070 to join an action in post-judgment proceedings, we conclude that the third-party entity has standing to appeal under NRAP 3A(a) and deny respondent's motion to dismiss.

Respondent Jennifer Goldstein, a former member of NuVeda, LLC (plaintiff below and nonparty to this appeal), obtained a judgment against NuVeda for over $2.5 million. In post-judgment collection proceedings, Goldstein had a writ of execution served on appellant Clark NMSD, LLC, dba The Sanctuary, and cash was seized as a result.

Clark NMSD maintains that it is not subject to Goldstein's judgment. It filed a third-party claimant petition in the district court case pursuant to NRS 31.070(5) seeking return of the seized cash and requested that Goldstein be prohibited from any further collection activity without court approval. NuVeda joined in the petition. The district court denied the petition, and Clark NMSD appeals that decision.

Goldstein filed the instant motion to dismiss, arguing that Clark NMSD is not a party to the proceedings below and thus has no standing to appeal. *See* NRAP 3A(a) (recognizing that only an aggrieved party may appeal); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 448, 874 P.2d 729, 735 (1994) (holding that an "entity is not a party within the meaning of NRAP 3A(a) unless that person or entity has been served with process, appeared in the court below and has been named as a party of record in the trial court"). Clark NMSD counters that it has standing to pursue an appeal by virtue of having intervened under NRS 31.070.

NRS 31.070 sets forth a specific process by which a third-party claimant may challenge a writ of attachment by making a written, verified claim. If the claim is contested, subsection 5 of the statute provides for the right to a hearing before the court presiding over the matter to determine title to the property in question, upon petition and notice to all parties in the action and all parties claiming an interest in the property. While NRS Chapter 21 governs post-judgment writs of execution, NRS 21.120(2) directs that third-party claims to property levied under such writs shall also be resolved through the process envisioned by NRS 31.070.[1] In other words, the statutory remedy for questions regarding right and title to property levied upon by a judgment creditor and claimed by a third party is set forth in NRS 31.070. *Brooksby v. Nev. State Bank*, 129 Nev. 771, 773, 312 P.3d 501, 502 (2013); *see also Elliott v. Denton & Denton*, 109 Nev. 979, 980, 860 P.2d 725, 726 (1993) (noting that NRS 31.070 sets forth the procedure to resolve questions to title where "the property levied on is claimed by a third person as his [or her] property" (quoting NRS 31.070(1))); *Kulik v. Albers, Inc.*, 91 Nev. 134, 137, 532 P.2d 603, 605-06 (1975) (referring third-party claims concerning writs of execution to the NRS 31.070 process).

NRS 31.070 therefore necessarily conveys party standing on the third-party entities that petition the district court pursuant to it for the

---

[1]"If any property levied upon by writ of execution or by writ of garnishment in aid of execution is claimed by a third person as his or her property, the same rules prevail as to the contents and making of the claim, as to the holding of the property and as to a hearing to determine title thereto, as in the case of a claim after levy under writ of attachment, as provided for by law." NRS 21.120(2).

return of property levied under a writ of execution. NRAP 3A(b)(5) allows appeals from an order refusing to dissolve an attachment, and NRAP 3A(b)(8) allows appeals from special orders after final judgment. Accordingly, we conclude that Clark NMSD has party standing to challenge the district court's order and hold that this court has jurisdiction over this appeal. NRAP 3A(a); *see also LFC Mktg. Grp., Inc. v. Loomis*, 116 Nev. 896, 900, 8 P.3d 841, 844 (2000) (considering an appeal from a district court order granting a motion for a writ of attachment by a party joining the action under NRS 31.070). Therefore, the motion to dismiss is denied.[2]

_____, J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Herndon

---

[2]This conclusion aligns with this court's jurisprudence governing appeals in post-judgment garnishment proceedings. *See, e.g.*, NRS 31.460 (providing that an appeal may be taken from any final judgment in a garnishment proceeding, as in other civil cases); *accord Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 124 Nev. 1206, 1214, 197 P.3d 1051, 1056-57 (2008) (clarifying that final orders in garnishment proceedings brought properly under NRS Chapter 31 are appealable under NRS 31.460).