## PATRICK FITZGERALD *vs.* JOHN CAVIN.

In an action for an assault by squeezing the plaintiff's testicles, to which the defence was that it was done in play, the judge ruled that if the defendant intended to do no bodily harm, and the parties were lawfully playing by mutual consent, and the act was no other than the plaintiff had reason to suppose would be in such play, the defendant was not liable; that whether the force used was reasonable was not to be determined by the results, but from the evidence of the force and the circumstances and nature of the act; and that if the defendant intended to do the act, and the act was unlawful and unjustifiable and caused bodily harm, the plaintiff could recover. *Held,* that the defendant had no ground of exception.

TORT for an assault. At the trial in the Superior Court, before *Putnam*, J., the plaintiff testified that the defendant seized hold of him by the testicles, and squeezed them severely. The defendant introduced evidence that " all that occurred happened in the course of fooling and playing with each other, and that there was no malice, anger or hard words." It appeared that the plaintiff was seriously injured, but that a very slight force applied to the testicles might do serious injury, and that the plaintiff made no complaint until half an hour after the occurrence.

The defendant requested the judge to rule as follows : " 1. If there was no malice on the part of the defendant and no intent to do the plaintiff any bodily harm, and if the parties were lawfully playing with one another, by mutual consent, and the *force used* [act done] by the defendant was no *greater* [other] than the plaintiff had good reason to believe would be in such play, the defendant is not liable. 2. Whether or not the force used was reasonable, is not to be determined by the results, but from the evidence of the force used at the time and the circumstances of the occasion. 3. The plaintiff cannot recover unless it is proved that the defendant intended to do bodily harm."

The judge gave the first ruling requested, substituting the words in brackets for those in italics. He gave the second ruling requested, adding however these words " and the nature of the act done by the defendant." He refused to give the third ruling requested, and ruled " that if the defendant intended to do the act done by him, and that act was unlawful and unjustifiable," (instructing them as to when such an act would be unlawful and unjustifiable,) " and the act caused bodily harm, the plaintiff could recover."

The jury returned their verdict for the plaintiff, for $933.33 , and the defendant alleged exceptions.

*G. M. Stearns*, (*M. P. Knowlton* with him,) for the defendant.

*E. B. Gillett*, (*H. B. Stevens* with him,) for the plaintiff.

BY THE COURT. The rulings were sufficiently favorable to the defendant. *Exceptions overruled.*