CECILE THIBAULT *vs.* SILVER J. LALUMIERE.

Essex.    March 7, 1945. — March 28, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Contract,* Contract to marry.    *Deceit.    Fraud.    Assault and Battery. Election.*

An action by a woman against a man, whether for an alleged assault and battery consisting of embraces and caresses which she was induced to consent to by his false representations that he was a single man and intended to marry her, or for alleged deceit on the ground that she was induced by such false representations to enter into a contract of marriage with him, arose from his breach of promise of marriage and was barred by G. L. (Ter. Ed.) c. 207, § 47A, inserted by St. 1938, c. 350, § 1.

A plaintiff induced to enter into a contract with the defendant by his false representations elected to affirm the contract by bringing an action of deceit against him.

TORT.    Writ in the Superior Court dated July 16, 1943. A demurrer was heard by *Pinanski,* J.

*C. Ingram,* for the plaintiff.

*H. F. Collins,* (*M. E. Walch* with him,) for the defendant.

RONAN, J.    This is an appeal from an order sustaining the defendant's demurrer to the plaintiff's declaration filed in an action of tort which was commenced on July 16, 1943. Although the declaration contains a mass of irrelevant and immaterial matters, no objection to its form was made in the Superior Court.    We set forth all the allegations pertinent to any possible cause of action upon which the pleader

might have intended to base a claim against the defendant. The declaration alleged that from the time she entered the employ of the defendant's firm in January, 1930, until 1943, when she finally ceased to keep company with the defendant, he planned to seduce her; that he induced her to keep company with him and to become engaged to marry him by his false representations that he loved her and that he was a single man; that she discovered in May, 1930, that he was married, and left her employment; that she reëntered the employment several times upon his promise not to molest her but that she quit on a number of occasions when he molested her; that in 1934 she left the Commonwealth; that upon her return in 1942 the defendant represented that he had secured a divorce, that he was a single man and would marry her, and that he would make a permanent home for her; that relying on these representations she went to live at the home of the defendant's mother where he lived; that she became dissatisfied with his delaying the marriage and left the said home; and that she learned in June, 1943, that he had married again in 1942 and she ceased to associate with him any longer. She alleges that as a result of the defendant's conduct, she submitted to his embraces and caresses, was deprived of an opportunity to meet and marry some honorable young man, lost employment, suffered humiliation and grief, and was made ill.

The declaration sets forth no cause of action for seduction. Nothing more than an intent or a plan to seduce her is alleged. We do not intimate that, if seduction had been averred, she could recover damages. It has been held that, in order that a father may recover for the seduction of his minor daughter or a master for the seduction of a female servant, it must be shown that he lost the services of the woman on account of the seduction. The action cannot be maintained on any other basis. *Dennis* v. *Clark*, 2 Cush. 347, 349. *Kennedy* v. *Shea*, 110 Mass. 147, 150. *Cook* v. *Bartlett*, 179 Mass. 576, 579, 580. But it is an ancient and settled rule of the common law that the party seduced is barred by her participation in a wrong from recovering damages. *Paul* v. *Frazier*, 3 Mass. 71. *Hamilton* v. *Lomax*,

26 Barb. S. C. 615. *Wrynn* v. *Downey*, 27 R. I. 454. *Salchert* v. *Reinig*, 135 Wis. 194. While damages for seduction may not be recovered in an independent action, they may be included in the measure of damages in an action for breach of promise of marriage. *Sherman* v. *Rawson*, 102 Mass. 395. *Kelley* v. *Riley*, 106 Mass. 339. The plaintiff, however, cannot recover damages for seduction as an incident to an action for breach of promise of marriage if, as will presently appear, she cannot maintain such an action.

The plaintiff contends that she can recover on this declaration for an assault and battery. This contention rests upon the allegation that "as a result of defendant's behavior the plaintiff was caused to acquiesce in and submit to defendant's embraces and caresses." It is to be noted that this allegation refers to an element of damage and does not purport to set forth a substantive cause of action. In the next place, if the plaintiff knowingly consented to and participated in these manifestations of apparent affection by the defendant, her consent would bar her from complaining that conduct of this character constituted a wrong to her. *Fitzgerald* v. *Cavin*, 110 Mass. 153. *O'Brien* v. *Cunard Steamship Co.* 154 Mass. 272. *Bates* v. *Reynolds*, 195 Mass. 549. *Szadiwicz* v. *Cantor*, 257 Mass. 518. If, as she now contends, her consent was procured by fraud of the defendant in that he did not intend to perform his promise to marry her, *Cooper* v. *Cooper*, 147 Mass. 370; *Jekshewitz* v. *Groswald*, 265 Mass. 413, she could not maintain an action on account of such acts committed during a courtship where the only ground for contending that such acts constituted a wrong was his intent not to carry out his promise to marry her and so was directly attributable to the breach of contract to marry if, as will appear, a statute declares that the breach of such a contract shall not be deemed to be a legal wrong or injury.

The final contention of the plaintiff is that an action of tort for deceit is alleged in the declaration. It is hard to see how the plaintiff was deceived by any representations of the defendant, at least in the early years of their association, when it is specifically alleged that she knew in May,

1930, within five months of their acquaintance, that he was married and that their association, although alleged thereafter to be somewhat interrupted, continued until 1934 when she left the Commonwealth. *Des Brisay* v. *Foss*, 264 Mass. 102, 111. *Franklin A. Snow Co.* v. *Commonwealth*, 303 Mass. 511, 516. When she returned to the Commonwealth in 1942, the defendant, it is alleged, again promised to marry her and she accepted the promise but he again neglected to marry her. One who has been induced by fraud to enter into a contract usually has the choice of rescinding the contract or of affirming the contract and suing in tort for damages. The plaintiff in attempting to maintain an action for deceit has chosen to affirm the contract to marry. *Goodwin* v. *Dick*, 220 Mass. 556. *Forman* v. *Hamilburg*, 300 Mass. 138.

However the plaintiff's contentions are viewed, they all stem from the contract to marry which she alleged was made between the defendant and herself. *Brick* v. *Cohn-Hall-Marx Co.* 276 N. Y. 259. All the damages alleged by her were caused by his breach of that contract. General Laws (Ter. Ed.) c. 207, § 47A, inserted by St. 1938, c. 350, § 1, provides that a "Breach of contract to marry shall not constitute an injury or wrong recognized by law, and no action, suit or proceeding shall be maintained therefor." This statute changed the public policy of this Commonwealth. It not only abolished the right of action for breach of promise but it went farther and abolished any right of action, whatever its form, that was based upon such a breach. The breach is no longer a legal wrong. Similar statutes previously adopted in other jurisdictions have been broadly construed. "It is a well-recognized rule, that the adjudged construction of a statute, by a foreign state or country where it was enacted, is to be given to it when it is afterwards passed by the Legislature of another state or country." *Pratt* v. *American Bell Telephone Co.* 141 Mass. 225, 227. *McNicol's Case*, 215 Mass. 497, 499. *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78, 84. *Commissioner of Banks* v. *McKnight*, 281 Mass. 467, 470. Actions in tort for fraud have been held to be

within the prohibition of such statutes and any other cause of action that originates in the breach of a promise of marriage. The plaintiff's cause of action arises out of a breach of promise of marriage, and she cannot circumvent the statute by bringing an action in tort for damages so long as the direct or underlying cause of her injury is the breach of promise of marriage. *A. B.* v. *C. D.* 36 Fed. Sup. 85. *Fahy* v. *Lloyd,* 57 Fed. Sup. 156. *Young* v. *Young,* 236 Ala. 627. *Pennington* v. *Stewart,* 212 Ind. 553. *Bean* v. *McFarland,* 280 Mich. 19. *Bunten* v. *Bunten,* 15 N. J. Misc. 532. *Fearon* v. *Treanor,* 272 N. Y. 268. *Hanfgarn* v. *Mark,* 274 N. Y. 22. *Sulkowski* v. *Szewczyk,* 255 App. Div. (N. Y.) 103.

*Demurrer sustained.*
*Judgment for the defendant.*