Kern, J.
Plaintiff, Simon Meng (“Meng”), brought this action against defendants Xiao Jie Yan (“Yan”) and Mei Ya Chen (“Chen"),[3] for (1) reformation of a deed; (2) declaration of the ownership interests of the parties in the Winchester property; (3) declaration of the amount owed by the Yung Li Realty Trust to Meng; (4) contribution; (5) declaration that Yan is holding property in a constructive and/or resulting trust for Meng; (6) conversion; (7) lost profits of PC PRO, Inc.; (8) recovery of two engagement rings; and (9) an injunction against Yan prohibiting her from using Meng’s last name. Yan and Chen now move to dismiss all of plaintiff's claims. For the following reasons, defendants’ motion is ALLOWED in part and DENIED in part.
BACKGROUND
Accepting as true the factual allegations of Meng’s complaint and any inferences therefrom, the material facts for the purposes of this motion are as follows:
Meng and Yan began dating in 1988. In late 1988, Yan moved into Meng’s condominium in Stoneham. On March 30, 1989, Yan gave birth to Meng’s daughter, Shiang Rong Meng. From the time the couple met until well after the birth of their child, Yan told Meng that she had never been married. During late 1989 or early 1990, Yan and Meng discussed marriage from time to time. Around this same period, Yan and Meng went to the Stoneham Town Hall for information about obtaining a marriage license and learned that they were required to take a blood test before getting married. Meng asserts that they did not file an application for a license or undergo blood tests. They were never married.[4]
In 1991, Meng purchased a house in Winchester with his own money.[5] During the closing, Meng was out of the country, and, thus, did not see the deed. *220 When Meng received the deed in the mail after the closing, he learned that title in the Winchester house was in both his and Yan’s name,[6] as husband and wife. Meng claims that Yan's name was placed on the deed without his knowledge or consent. He states he only permitted Yan’s name to remain on the deed believing that doing so would allow Yan to hold the property for their daughter in the event that anything would happen to him.[7]
On January 15, 1993, Meng, as sole trustee, purchased property in Burlington in the name of the Yung Li Realty Trust. Meng and Yan are both 50% trust beneficiaries.[8]
Meng contends that he and Yen were never actually married because Yan concealed details about her past from him.[9] In addition, Meng states that when he was the sole shareholder of PC PRO, Inc. (“PC PRO”), Yan, who was the bookkeeper for the company from 1990 to 1995, converted PC PRO’S funds for her own and Chen’s use. Meng also maintains that Yan drew unauthorized checks on PC PRO’S account payable to her brother’s creditors. Meng asserts Yan concealed these conversions by grouping these payments as “costs of goods sold” in her reports to PC PRO’S outside accountant.
Yan asserts Meng brought this action against her to intimidate her because he is unhappy about paying child support pursuant to a Middlesex Probate Court order.[10]
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences that can be drawn from the complaint in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
In Count One, Meng asserts that the deed to the Winchester property should be reformed to remove Yan’s name. Meng states that Yan’s name was placed on the deed without his knowledge or consent and that Yan did not contribute any money towards the property’s purchase price. Yan seeks to dismiss this claim as time-barred.
At issue is whether plaintiffs claim is time-barred by the six-year contractual limitations period pursuant to G.L.c. 260, §2.[11] Reformation of a deed is a contractual claim based in equity. Barber v. Fox, 36 Mass.App.Ct. 525, 527-29 (1994) (stating that where the “gist of the action” is contractual, the contract period of limitations applies), quoting Kagan v. Levenson, 334 Mass. 100, 103 (1956); Stoneham Five Cents Savings Bank v. Johnson, 295 Mass. 390, 395 (1936) (stating that “(i]n Massachusetts, statutes of limitation apply of their own force to suits in equity”); Arthaud v. Brignati, 1999 WL 674328 at *2, *4 (Mass.Super.Ct, Aug. 6, 1999) [10 Mass.L.Rptr. 403). Thus, the applicable statute of limitations is six years. G.L.c. 260, §2. Plaintiff does not dispute that he purchased this property in 1991 or that he knew soon after the closing that Yan’s name was on the deed. Thus, because Meng purchased the property in 1991 and this action was filed in 1999, Meng’s claim for reformation of the deed is time-barred. Barber, supra; Stoneham Five Cents Savings Bank, supra.
In Count Two, Meng seeks to declare a joint tenancy between plaintiff and Yan in the Winchester property. It is a well established rule in Massachusetts that individuals who hold property'' as joint tenants have an equal undivided interest. Moat v. Ducharme, 28 Mass.App.Ct. 749, 751 (1990). Upon a motion to partition, this equality of interest is presumptive rather conclusive. Moat, 28 Mass.App.Ct. at 751. Meng, however, has not brought a motion to partition. Thus, Meng s claim fails.
In Count Four. Meng seeks an award of damages to reimburse him for monies he has expended on the maintenance, renovation, repair, upkeep and ownership over the properties. Meng has entitled this claim “contribution.” This is not a valid legal claim,[12] therefore, Meng’s claim fails.[13]
ORDER
For the foregoing reasons, it is hereby ORDERED that Yan’s motion to dismiss be ALLOWED as to Counts One, Two, Four and Nine, and DENIED as to Counts Three, Five, Six, Seven and Eight. Judgment shall enter accordingly.

 Although Meng’s memorandum in support of her motion to dismiss argues that the court may not have personal jurisdiction over Chen because she lives in California, Chen is not a party to this motion to dismiss.

 Yan, on the other hand, claims that she filled out a form. She states that after she filled out this form she thought that they were married because in China, her native country, the “completion of a form” is all that is required for a legal marriage.

 Plaintiff asserts that defendant never paid any money towards the purchase price of the house, the carrying charge, mortgage, taxes, or other costs.

 In the deed, Yan is referred to as “May Meng.” Meng asserts that at this time, however, Yan’s legal name was still “Xiao Jie Yan” and not “May Meng.”

 Plaintiff asserts that defendant did not legally change her name to May Meng until September 16, 1994. On that date, defendant became a citizen of the United States.

 At the time of the creation of this trust, Meng was informed by counsel that the property in the trust would only be available to others upon his death. He did not understand that by making Yan 50% beneficiary of the trust could potentially grant her an immediate ownership right in the property. Yan never paid any money towards the Burlington property.
*221 In Count Three of Meng’s complaint he seeks reimbursement for money that he has loaned to this trust, an amount exceeding $300,000 for repairs and maintenance of the Burlington property.

 Meng states that Yan concealed a previous marriage and divorce. Meng also states Yan refused to allow their daughter to know Meng’s son from a previous relationship.

 Yan filed a counterclaim seeking the following: (1) a constructive trust; (2) quantum meruit; (3) compensation for services rendered; (4) a declaration that Meng and Yan are legally married; and (5) appropriate damages.

 G.L.c. 260, §2 states in relevant part:
Actions of contract . . . express or implied, except actions limited by section one shall be commenced only within six years next after the cause of action accrues.

 This claim also duplicates Count Three of Meng’s complaint.

 In Count Nine, Meng seeks to enjoin Yan from using his name. This Count is dismissed for failure to state a claim upon which relief may be granted.