Muse, J.
Plaintiff Jeffrey P. MacCIeave (“plaintiff’) brought this action alleging fraud, breach of contract, equitable trust and conversion by the defendant Linda M. Merchant (“defendant”). This matter is now before the court on the defendant’s motion to dismiss. For the reasons set forth below, the defendant’s motion to dismiss is ALLOWED in part and DENIED in part.
BACKGROUND
In December 1980, the plaintiff purchased a single-family home in Wayland, Massachusetts.[1] Sometime in 1990, the plaintiff began dating the defendant. In 1991, the defendant moved into the Wayland residence with the plaintiff. In 1993, the parties agreed to marry.[2] On July 15, 1993, the plaintiff executed a deed adding the defendant as a joint tenant, conveying to her a one-half interest in the Wayland home. As the plaintiff admits, this was done in contemplation of marriage. On the same date, a mortgage was executed on the residence wherein both parties became co-obligors in the.amount of $115,650.00. Sometime in late 1997, the couple’s relationship ended and the defendant moved out.[3]
Following the break up, the defendant remained co-obligor on the mortgage, as well as retained her one-half interest as joint tenant to the property. Additionally, she retained and continued to use a motor vehicle that was owned by the plaintiff. Throughout the course of the next three years, the parties discussed the defendant’s return of the motor vehicle as well as the re-conveying of her interest in the Wayland property. No agreement ever came to fruition.
On February 26, 2001, the plaintiff filed the Complaint.
DISCUSSION
I. Statute of Limitations — Actions in Tort A. Count I (Fraud/Cancellation); Count II (Fraud/Rescission)
Pursuant to G.L.c. 260, §2A, “(e)xcept as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.”
The parties’ relationship ended on December 31, 1997, thereafter, the defendant moved out of the residence. It was at this time, when both parties knew, or should have known that the proposed marriage would not take place. For purposes of the statute of limitations, December 31, 1997 is the date when the plaintiffs causes of actions as to counts I and II accrued. The plaintiff was obligated to file such claims on or before December 31, 2000. Having failed to do so, this Court finds Counts I and II are barred by the applicable three-year statute of limitations provided by G.L.c. 260, §2A.[4]
The plaintiff mistakenly contends that the statute of limitations is extended in this case because there was fraudulent concealment.[5] The plaintiff alleges *316 that, subsequent to the defendant moving out, the parties engaged in discussions as to the return of the motor vehicle and the reconveyance of her interest in the residence back to the plaintiff. However, no agreement was ever finalized, hence this suit.
“Fraudulent concealment” means that the defendant took some positive step to hide plaintiffs cause of action. Tagliente v. Himmer, 949 F.2d 1 (Mass. 1991). A cause of action is not concealed from one having personal knowledge of the facts creating it. Maloney v. Bracket, 275 Mass. 479 (1931). Here, the plaintiff knew of the facts on which he now brings suit. Namely, on December 31, 1997, he was aware that the defendant’s name still appeared on the deed.
The plaintiff argues that the defendant, at some point, agreed to reconvey her interest in the residence and these discussions toll the running of G.L.c. 260, §2A. Such an argument is not supported by case law. A plaintiffs discussion with a defendant ordinarily does not postpone accrual of a cause of action. Burns v. M.I.T., 394 F.2d 416 (Mass. 1968). Additionally, if a plaintiff is deemed to know the facts on which his claim rests, there can be no fraudulent concealment tolling the running of the statute of limitations. Malapanis v. Shirazi, 21 Mass.App.Ct. 378 (1986). Moreover, the statute of limitations is not tolled on a basis that the defendant concealed wrongdoing if the plaintiff has actual knowledge of the facts giving rise to his cause of action. Stark v. Advanced Magnetics, Inc., 50 Mass.App.Ct. 226 (2000). The time limited by statute begins to run at the time the facts were or should have been discovered. Old Dominion Copper Mining and Smelting Co. v. Bigelow, 203 Mass. 159 (1909). As stated earlier, this action accrued when the defendant moved out, at which time the plaintiff was clearly aware that the defendant remained on the deed. This Court finds that the statute of limitations was not tolled during the parties’ discussions.
Therefore, the statute of limitations as to Counts I and II expired at the time the plaintiffs Complaint was filed.
B. Count VI (Conversion)
Conversion is the “intentionally or wrongfully exercising ownership, control or dominion over personal property to which he has no right of possession at the time.” See generally Nolan, Tort Law §35 (1979). As the instant case is a replevin action, this claim is also subject to the three-year statute of limitations.
The plaintiff argues that the statute of limitation is again tolled until such time when the plaintiff knew the defendant would not return his vehicle. However, all that is required for a cause of action for conversion to accrue is the wrongful exercise of ownership or control. A cause of action accrues on the happening of an event likely to put the plaintiff on notice. Hendrickson v. Sears, 365 Mass. 83, 89-90 (1974). The plaintiff admits that in 1997, the defendant was in wrongful possession and control over the subject motor vehicle. This actual knowledge, not merely likely notice as is the threshold in Hendrickson, starts the running of the statute.
For the same reasons for counts I and II, this Court finds the statute was not tolled during any alleged discussions with the defendant. Therefore, the statute of limitations as to Count VI had also expired at the time the plaintiffs Complaint was filed and he is thus barred from now asserting the claim.
II. Statute of Limitations — Actions in Contract
A. Count III (Breach of Contract/ Failure of Consideration)
1.Breach of Contract
G.L.c. 207, §47A states “(b)reach of contract to marry shall not constitute an injury or wrong recognized by law, and no action, suit or proceeding shall be maintained therefor.”
The record is clear that the plaintiff conveyed one-half of his interest in the residence to the defendant as a result of their agreement to many. He now brings a breach of contract action as a result of her breach of the agreement to marry him. Such an action cannot be maintained as set forth expressly in the statute.
2.Failure of Consideration
Interestingly, the plaintiff includes in this count a second theoiy completely unrelated to the breach of contract claim.[6] The plaintiff claims the defendant failed to provide any consideration for the receipt of the one-half beneficial interest in the residence. This Court finds otherwise. The record evidences that the defendant became an obligor on a mortgage note on the same day in which she received her interest in the residence. Furthermore, as the deed itself indicated, her interest was conveyed to her “in consideration of One ($1.00) Dollar and 00/100,” upon which the plaintiffs signature appears. Even if a deed does not recite full consideration for property, it does not affect the validity of the deed. Hahn v. Planning Bd. of Stoughton, 24 Mass.App.Ct. 553 (1987). This Court finds that there is no basis for the claim of lack of consideration.
3.Statute of Limitations
G.L.c. 260, §2 states:
Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgment or decrees of courts of record of the United States or of this or of any other state of the United States shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues.
Assuming for the purpose of argument, that the breach of contract claim falls outside §47A, an analysis of the time limit in which to file any alleged contract action to reform a deed is problematic. A review of case law reveals facts very much on point. Meng v. Yan, 12 Mass. L. Rptr. 219, 2000 WL 1511555 (Mass.Super. *317 2000). In 1991, plaintiff purchased a house with his own funds to which Yan (his then girlfriend) did not contribute. Id. at 1. During the closing, plaintiff was out of the country. Id. When he received the deed in the mail shortly after closing, he learned that title in the home was in both his and the defendant’s name. Id. Sometime around 1995, the couple began experiencing difficulties in their relationship. Id. at 2. In 1999, the plaintiff filed suit requesting that the deed be reformed to remove the defendant’s name. Id. The Court concluded that because plaintiff knew, soon after closing in 1991, that defendant’s name appeared on the deed, plaintiffs claim for reformation of the deed was time barred as it had been eight years since defendant’s name first appeared there. Id.
As stated earlier, the defendant’s interest was conveyed to her in July 1993 by the plaintiff himself. Now, in 2001, he seeks to bring an action for breach of contract. Such actions are barred by the six-year limitation period. Therefore, this Court must dismiss Count III as well.
B. Count IV (Resulting Trust) & Count V (Constructive Trust)[7]
1. Statute of Limitations
The parties agree that both trusts are subject to the six-year statute of limitations pursuant to G.L. 260, §2. The defendant argues that the statute began to run in 1993 when the promise to many was made. However, pursuant to G.L.c. 260, §2, an action seeking the declaration of a trust based on an implied contract must be brought within six years from the time the contract is repudiated[8] or otherwise terminated to the knowledge of the other party. Lufkin v. Jakeman, 188 Mass. 528, 530-31 (1905); Boston & Northern State Ry. v. Goodell, 233 Mass. 428, 438 (1919); Quinn v. Quinn, 260 Mass. 494, 497 (1927); Epstein v. Epstein, 287 Mass. 248 (1934); Hanrihan v. Hanrihan, 342 Mass. 559, 567 (1961); Radford v. Lovett, 1 Mass.App.Ct. 874, 875 (1974); Sanguinetti v. Nantucket Const. Co., Inc., 5 Mass.App.Ct. 227 (1977). On December 31, 1997, the defendant moved out. It was at this time that the plaintiff is deemed to have received knowledge of her intent not to many him. This Court finds that there was no repudiation until that date.[9] Accordingly, the statute of limitations began to run on December 31, 1997.
The expiration of the time to file an action for equitable trust is therefore December 31, 2003. This action was commenced within that time period. The plaintiff is, therefore, not baned from asserting that the real estate is subject to a trust.
2. Equitable Trust Is Independent from G.L.c. 207, §47A
The defendant contends that the plaintiffs cause of action for an equitable trust is barred pursuant to §47A on the grounds that it originates in the breach of a promise to many. Thibault v. Lalumiere, 318 Mass. 72, 75-76 (1945). This Court does not agree. In De Cicco v. Barker, 339 Mass. 457 (1959), the plaintiff sued the defendant in equity for the return of a six-carat engagement ring which was given on the condition that the defendant marry him. The court ordered the return of the ring to the plaintiff, holding that the proceeding was not to recover damages either directly or indirectly for the breach of the contract to marry but to obtain on established equitable principles restitution of property held on a condition that the defendant was unwilling to fulfill. Id. at 459. The court later stated that §47A was “too inclusive and that a proceeding may be maintained, which although occasioned by breach of a contract to marry, and in a sense based upon the breach, is not as was the action in the Thibault case brought to recover for the breach itself.” Id.
In this case, considering the facts in the light most favorable to the plaintiff, the purpose of the transfer of the one-half interest in the home to the defendant was for both parties’ benefit, use and enjoyment of the residence as a couple upon marriage. No such marriage ever took place. These equity claims are not actions to recover for the breach itself, but rather seek to prevent unjust enrichment. They survive, if even by the slimmest of threads, independently and therefore, for the purposes of summary judgment are not barred.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss is ALLOWED as to Counts I, II, III, and VI. Further, defendant’s motion to dismiss is DENIED as to Counts IV and V.

The Court is considering the facts in the light most favorable to the non-moving party, as presented by the pleadings, affidavits and as revealed by the record.

No wedding date was ever set nor were the parties ever married.

For purposes of this motion, the most generous date of December 31, 1997 will be presumed.

Complaint filed February 26, 2001.

G.L.c. 260, § 12 provides: “If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.”

It appears as though the plaintiff has included two separate causes of action under one heading. This Court will therefore treat them as one but analyze them separately for simplicity and clarity.

Both parties have combined these two counts for argument purposes. Therefore, this Court will rule as to both under a single heading.

Repudiation is defined as “a contracting party’s words or actions that indicate an intention not to perform the contract in the future.” Black’s Law Dictionary (rev. 9th ed. 1999).

Neither party offered evidence to the contrary.