Welsh, J.
Defendant appeals under Rule 8C, Dist./Mun. Cts. R. A. D. A., the denial of his motion for a new trial following a verdict for plaintiff and a judgment entered awarding damages in the sum of $25,000. Specifically, the defendant contends the judge erred in submitting the case to the jury on a theory of battery where the pleadings focused and the case was tried upon the issue of implied consent. The defendant further contends that the answers to special verdict questions were irreconcilable, that the jury was confused, and that the judge ought to have ordered the jury to deliberate further to resolve the inconsistency We affirm.
This is an action in tort alleging malpractice by the defendant, an oral surgeon. The crux of plaintiffs complaint is that the defendant removed her four remaining teeth without her consent in the course of treating her in order to install dental implants. The complaint did not refer to battery, as such. The plaintiff alleged and testified that had she been told that the procedure would involve removal of her last remaining teeth, she would not have authorized the procedure. Defendant testified plaintiff was informed and gave her consent.
The plaintiff waived the negligence count before the jury was empanelled and the case proceeded to trial solely upon the issue of whether or not plaintiff had consented to the removal of the four remaining teeth as part of the implant procedure. Neither counsel mentioned battery at the trial, except briefly in closing arguments, but both parties focused on the factual issue of whether or not the plaintiff consented to the removal of the four teeth.
At the preliminary charge conference, the judge raised the issue of battery swa sponte and proposed submitting the case to the jury on that issue. The defendant objected, claiming that both parties had tried the case on the issue of informed consent and not battery. See Harnish v. Children’s Hospital Medical Center, 387 Mass. 152 (1982). The judge proceeded to instruct the jury on the elements of battery as well as the issue of informed consent over the objections of the defendant and supplemented the special verdict questions proposed by counsel by adding questions focusing upon whether a battery had been committed. The defendant objected to the charge insofar as it related to battery
The jury answered affirmatively as to whether defendant had obtained the plaintiffs informed consent. As to the special verdict questions propounded by the court on the issue of battery, the jury found plaintiff did not give consent to the extraction of teeth and that the defendant had committed a battery The jury awarded plaintiff damages in the amount of $25,000.00.
The record indicates that the defendant failed to object to the responses to the *126 jury’s special verdict questions on the grounds of inconsistency before the jury was discharged.[1]
The defendant filed a motion for new trial or for judgment n.o.v. raising the same contention before this court on appeal. This motion was denied.
1. Appellant has forfeited the right to appellate review on the question of any alleged inconsistencies in the special verdict question by failing to object before the jury was discharged. International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 852 (1983). To preserve the right for appellate review, the party claiming to be aggrieved must raise the issue before the jury retires. See Rule 49(a), Mass. R. Civ. R; Holder v. Gilbane Building Company, 19 Mass. App. Ct. 214 (1985). It is mandatory to preserve the question of inconsistency for appeal that the issue be raised before the dismissal of the jury. See Raytheon Mfg. Co. v. Indemnity Insurance Co., 333 Mass. 746, 749 (1956).
2. The defendant’s contentions that he was unfairly surprised and thus prejudiced by the court’s instructions to the jury on battery are unpersuasive. Under the Rules of Civil Procedure, a party seeking relief need only allege facts that would entitle him to relief on any cognizable theory of recovery. The concept of notice pleading inherent in the rules does not require a party to specify a theory of recovery. Gallant v. Worcester, 383 Mass. 707, 709 (1981). Rule 2 provides that there shall be one form of action to be known as a civil action. The forms of action familiar to practitioners at the bar before 1974 no longer exist.
A complaint need not state with precision all elements that give rise to a legal basis for recovery.... [It] must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.... The complaint must notify a defendant fairly of the nature of the claim and the grounds on which the plaintiff relies. Garrity v. Garrity, 399 Mass. 367, 369 (1987).[2]
Clearly, the defendant had actual knowledge that whether the plaintiff consented to the removal of her remaining teeth was the core factual issue in the case. The lack of consent as to the removal of the teeth is also the main focus of the battery portion of the case. In the informed consent branch of the case, the test tends to be more objective: Did the physician discharge the duty to disclose in a reasonable manner all significant medical information material to an intelligent decision whether to undergo the procedure? Harnish, supra at 166. The consent referred to in battery is subjective: Did this particular patient consent to the removal of the four remaining teeth?[3]
*127 As was observed in a concurring opinion by Justice O’Connor in Feely v. Baer, 424 Mass. 875, 880 (1997), the doctrine of informed consent has its roots in the tort of battery. While many authorities prefer to treat informed consent solely as an aspect of malpractice or negligence, there are cases that do not squarely tit into that established category; there are cases in which an action sounding in tort of battery may be essential for plaintiffs who cannot otherwise recover for failure to obtain consent. In these cases the particular facts are more nearly analogous to touching without consent which all concede is a battery, than to a consented touching for which consent was induced by inadequate information. 1 F. HARPER, F. Jones, & 0. Gray, Torts §3.10 at 3:47. Whatever the doctrine’s current rationale, be it battery or negligence, the raison d’etre is the same. Personal autonomy demands that a competent adult consent to any invasion of his or her being. In this case, the removal of the plaintiff’s remaining teeth without her consent warrants the conclusions reached by the jury, i.e. that a battery occurred.
The defendant’s argument that the defendant did not intend any offensive touching misses the point. Surely the defendant intended to remove the teeth. The fact that he did so with the best of intentions does not alter the fact that plaintiff did not agree. Fitzgerald v. Cavin, 110 Mass. 153, 154 (1872). The jury warrantably found that the plaintiff did not in fact agree. The jury awarded $10,000 in damages for medical expenses and $15,000 for conscious pain and suffering.
Finally, a motion for a new trial is addressed to the sound discretion of the court. Bartley v. Phillips, 317 Mass. 35, 41 (1944), citing Davis v. Boston Elevated Ry., 235 Mass. 482, 496 (1920). We discern no abuse of discretion in submitting the question of battery to the jury nor in the denial of the defendant’s motion for new trial.
Judgment on the verdict returned by the jury is affirmed.
So ordered.

 At oral argument, appellant claimed that the judge’s dismissal of the jury was so rapid that she did not have an opportunity to object. The record does not support this contention.

 An alternative analysis suggests that notice in fact may obviate a failure to give due notice in a pleading. See Jensen v. Daniels, 57 Mass. App. Ct. 811, 815 (2003). This analysis usually involves inferring of “consent” where the party seeking to raise the issue fails to object at trial. Id. at 816.

 While we prescind from analysis of the alleged inconsistency of special verdict questions, we note on passing that the concept of subjective as opposed to objective consent may provide a basis for reconciling the apparent inconsistency in the jury’s answers to special verdict questions. The jury might have found that she consented generally to the operation but did not specifically consent to removal of her remaining teeth.